**RODINCIUC v. ISTHMIAN S. S. CO.**

**Civ. A. No. 3570.**

United States District Court
E. D. Pennsylvania.

March 14, 1950.

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Krusen, Evans & Shaw, Philadelphia, Pa., for defendant.

### KIRKPATRICK, Chief Judge.

The plaintiff in this civil action is a seaman and was a member of the crew of the S. S. William Williams. It is conceded that the vessel was owned by the United States and that a standard form General Agency Agreement between the United States and the defendant was in force at all relevant times. The defendant filed an answer and now moves for summary judgment, based upon the undisputed facts disclosed by the pleadings.

The complaint alleges that the plaintiff sustained an injury to his hand on shipboard. The particulars in which this defendant, the General Agent, is alleged to have disregarded its duty to the plaintiff are specified in nine paragraphs which, with one exception, charge fault on the part of the master, the crew or in the vessel and its appliances. The exception referred to is "failing to provide plaintiff with proper and adequate medical care and attention and maintenance for the injuries which he sustained in the service of the ship."

The plaintiff concedes that, under the decision of the Supreme Court in Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692, the cause of action under the Jones Act, 46 U.S.C.A. § 688, against this defendant for damages for the injury on the vessel must fail and it is plain that, under Fink v. Shepard Steamship Co., 337 U.S. 810, 69 S.Ct. 1330, 93 L.Ed. 1709, he has no claim for maintenance and cure, as such. He says, however, that the complaint in the paragraph quoted also states a cause of action for damages for the defendant's negligent failure, as an agent of the United States, to pay him maintenance after the voyage had ended. In the words of his counsel, the paragraph means that "under the relationship between War Shipping Administration, the owner of the S. S. William Williams, and Isthmian Steamship Company, the general agent, there was a duty imposed upon Isthmian by War Shipping Administration to pay maintenance to injured seamen; that because of Isthmian's negligent failure to perform this duty, plaintiff, who was injured in the service of the vessel, was forced by economic necessity to resume employment before it was advisable to do so from a medical point of view, and that this resumption of employment adversely affected plaintiff's injuries".

Without deciding whether all this can be spelled out of the complaint, I will assume that it can and will deal with the case as though it had been set forth in the complaint in haec verba.

The plaintiff concedes that the defendant was not his employer but says that, in the General Agency Agreement, it had contracted with the United States to pay him maintenance and cure, and he contends that under the general principles of tort liability the agent's negligent failure

to perform its contract in this respect gives him a right of action against it.

There is no question that the defendant had agreed with the government to pay maintenance as the plaintiff contends—not only by the terms of the General Agency Agreement but also in view of the directive of February 28, 1945, by which general agents were directed "Whenever wages or maintenance are due to a seaman under the general maritime law, * * * to pay promptly, currently and in full." The existence and terms of this directive are not disputed by the defendant.

■ The general rule applicable is stated in the American Law Institute Restatement of the Law of Agency, Section 352, as follows: "An agent is not liable to another because of his failure to perform his duties to his principal or because of the improper performance of such duties, except as stated * * ", and goes on to say that there may be tort liability to a third person for an agent's failure to perform a contract obligation owing to his principal under certain exceptional conditions. Section 354 of the Restatement states the exceptional conditions, in general, as arising "if the need for action is so immediate or emergent that withdrawal from the undertaking is no longer possible without unreasonable risk to them (third parties) * * *". An illustration given is that of an agent who has undertaken to guard travelers on a highway by placing lighted latterns near obstructions where the risk of collision is great and where the harm likely to ensue is serious. Another is that of an agent employed to inspect machinery and report upon defects in order that it may not cause harm to others. Under circumstances like these, the basic duty on which tort liability is predicated may be present. They are all cases in which failure to perform some physical act which the agent has agreed to perform places third persons in obvious and immediate danger of injury.

■■ The present case is quite different. I find no suggestion anywhere that, where the only contractual duty on the part of the agent is to pay money to a third party (which is all that it is in the present case), failure to pay imposes liability upon the agent. If there was maintenance and cure owing, the United States was liable, present and able to pay. The fact that it had instructed its agent to pay in no way relieved it from its obligation nor did it enlarge the right of the seaman.

■ In Sims v. United States War Shipping Administration, D.C.E.D.Pa., 91 F.Supp. 90, a suit not against the agent but against the United States this Court held that there can be no recovery for consequential damages for failure to pay maintenance even though the money itself was due the seaman from the respondent. In this case the defendant is under no obligation to pay and the liability is, if possible, even more remote. The plaintiff's argument that, despite the fact that he has no right of any kind against the agent in respect of the money he claims, he can sue the agent for damages for not paying it, is without basis in law to support it.

Judgment may be entered for the defendant.