Neel, Appellant, *v.* Allegheny County Memorial Park.

Argued October 1, 1957. Before JONES, C. J., BELL, CHIDSEY, ARNOLD, JONES and COHEN, JJ.

*Robert W. McWhinney,* with him *Goehring, Mc-Whinney & Grubbs,* for appellants.

*Owen B. McManus, Jr.,* with him *H. Carl Brandt* and *Brandt, Riester, Brandt & Malone,* for appellees.

OPINION BY MR. JUSTICE COHEN, January 17, 1958:

The appellants are the owners and officers of the Jefferson Memorial Park, a Pennsylvania corporation operating a cemetery in Allegheny County. On January 11, 1957, they filed a complaint in equity seeking an injunction to restrain the transfer of stock owned by the individual defendants in the defendant Allegheny

County Memorial Park, also an incorporated cemetery. The complaint alleged a valid contract for the purchase of this stock and a threatened tortious interference therewith by unknown third parties. The Court of Common Pleas of Allegheny County issued a preliminary injunction enjoining the individual defendants from transferring their stock and ordering the postponement of a proposed meeting of the defendant corporation's stockholders until after a hearing upon the injunction. Thereupon Stoecklein and Curley petitioned to intervene as party defendants alleging that they were already the purchasers and rightful owners of the disputed Allegheny stock. Their petition was granted by the court below, and a lengthy hearing was conducted on the preliminary injunction. At this hearing it appeared that the intervenors had already acquired the stock of Allegheny held by the individual defendants and also certain other shares. Appellants then were granted leave to amend their complaint so as to charge the intervenors with maliciously inducing the individual defendants to breach their contract with the appellants, and to request that the intervenors be declared trustees *ex maleficio* of the Allegheny stock they acquired. The intervenors and the individual defendants moved for the dissolution of the preliminary injunction and filed preliminary objections to the amended complaint alleging *inter alia* that it failed to state a cause of action.

From the appellants' pleadings, the documents attached thereto and the evidence adduced in support thereof, the appellants' contentions appear as follows:

The individual defendants elected to receive sealed, competitive bids for the purchase of their stock holdings in Allegheny and to accept for themselves, and to recommend in good faith that the other shareholders also accept, the best bid received under the established con-

ditions of the bidding. The appellants submitted a bid of $312.55 per share conditioned on the offering to them of at least 90% of the corporate stock and on the non-declaration or payment of dividends prior to the completion of their purchase. The intervenors submitted an unconditional bid of $300 per share. The individual defendants unanimously agreed to recommend to the other shareholders of Allegheny at a stockholders' meeting called for January 14, 1957, that the appellants' bid be accepted. When the intervenors were informed that their bid was not to be recommended to the shareholders for acceptance, they immediately contacted the individual defendants and other shareholders and acquired 320 shares of the total of 420 shares at a price of $325 per share.

The court en banc on the basis of the amended complaint and the uncontradicted testimony produced at the hearing concluded that the appellants had not made out a cause of action since they had failed to show the existence of a contract for the purchase of the Allegheny stock prior to the acquisition thereof by the intervenors. Further, treating the amended complaint as alleging actionable interference with prospective contractual relations, the court held that the facts alleged and adduced demonstrated that the intervenors' purchase of the stock was a privileged act of competition. For these reasons the court dissolved the injunction, sustained the preliminary objections, and dismissed the appellants' complaint. This appeal followed.

We agree with the court below that the pleadings, together with the evidence introduced at the hearing on the preliminary injunction, failed to make out a cause of action on either of the above theories.

It is well settled that equity will act to prevent the unjustified interference with contractual relations.

*Morgan's Home Equipment Corporation v. Martucci,* 390 Pa. 618, 136 A. 2d 838 (1957) ; *Caskie v. P.R.T. Co.,* 321 Pa. 157, 160, 184 Atl. 17 (1936) ; Prosser, Torts, §106 (2nd ed. 1955). However, the pleadings and the evidence show only a conditional offer by the appellants and a promise by the individual defendants to submit and recommend acceptance of this offer to the other shareholders. Since the appellants' offer was not accepted by any of the shareholders, no contract was ever consummated. Although the individual defendants established specified terms for competitive bidding for the Allegheny stock, they were under no duty to accept any bid communicated in conformity therewith, or to decline any offer not made in accordance with the terms established. See 1 Williston, Contracts §31 (3rd ed. Jaeger 1957). The intervenors, therefore, had the right to offer to purchase the shares, the individual defendants had the right to accept, and the appellants are not entitled to relief on the theory that the intervenors unjustifiably induced the breach of a contract.

The appellants' claim of interference with their prospective advantage by the intervenors is also defective. The appellants were in direct and active competition with the intervenors for the alleged stock. The purchase by proper means by one competitor of stock which is being negotiated for by another is privileged unless it is shown that some public policy or provision of law is violated by the purchase. See Prosser, op. cit. supra, §107; Restatement, Torts §768 (1939). The appellants have not demonstrated any basis for an inference that the purchase of stock in the present case was unprivileged, illegal or accomplished by improper means.

On both theories the appellants have failed to state a cause of action.

Decree affirmed at appellants' cost.