## Glazer *v.* Chandler, Appellant.

Argued January 10, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Joseph A. Damico, Jr.,* with him *Chadwick, Petrikin, Smithers & Ginsburg,* for appellants.

*Edwin E. Lippincott, II,* with him *Marvin J. Levin,* and *Lippincott & Donaldson,* and *Freedman, Landy and Lorry,* for appellee.

OPINION BY MR. JUSTICE COHEN, April 21, 1964:

This appeal challenges the order of the court below denying motions for judgment n.o.v. and a new trial after a verdict for the plaintiff in a trespass action for

the tort of inducing breach of contract or refusal to deal with third parties.

The facts viewed in a light most favorable to the verdict winner are as follows: Plaintiff Herman Glazer and defendant C. Raymond Chandler are residential builders. They executed an agreement of sale whereby Glazer agreed to purchase some 93 building lots situate in the Borough of Brookhaven (Borough) owned by Chandler and his wife, and certain rights to connect sewers in the Borough for lots other than those described in the agreement. These sewer rights would expire and revert to the Borough after a later date.

The agreement of sale provided that one-half of the purchase price was to be secured by a purchase money mortgage covering 56 lots "payable *within* a period of two (2) years from the date of settlement" and further provided that each lot would be released from the lien of said mortgage upon payment of $1,000. (Emphasis supplied).

A purchase money mortgage purportedly in accordance with the agreement of sale was executed. However, the mortgage provided that it was payable "at the *expiration* of two years," and did not provide for a release of each lot upon payment of $1,000. (Emphasis supplied). Glazer made numerous efforts to fully pay the mortgage and have it satisfied, but Chandler refused to satisfy. Even after the two-year period had expired, Chandler continued to refuse to satisfy the mortgage or to release any lot from the lien thereof.

As a result of Chandler's refusal to satisfy the mortgage, Glazer was prevented from receiving settlement proceeds. Further, Glazer was unable to sell the sewer connection permits before they expired and reverted to the Borough, since an ancillary agreement provided that the right to sell the permits could not be exercised "so long as the said Mortgage and Bond remain unsatisfied." Glazer was obliged to commence

suit to compel satisfaction of the mortgage. Subsequently, it was satisfied.

In addition, Chandler improperly removed the deed to the building lots from the title company and refused to redeliver it, thereby occasioning Borough's refusal to grant Glazer building permits. Chandler ignored requests for redelivery of the deed and Glazer was obliged to institute an action to obtain title to the properties. The deed was subsequently redelivered.

Chandler misrepresented that he had an approved and recorded plan of subdivision of the lots. As a consequence, Glazer was required to accept a less desirable plot plan and obtained Borough approval only after considerable delay. Chandler also misrepresented that rough grading had been done on certain roads involved in the agreement. Chandler wrongfully insisted that the title company hold $16,000 in escrow for certain road assessments. Without basis Chandler threatened to seek an injunction against the title company.

In the court below the jury returned a verdict in favor of Glazer. Chandler filed motions for judgment n.o.v. and a new trial contending that, since the allegations of the complaint and the evidence submitted to the jury related only to breaches by defendant of his contracts with plaintiff and did not involve actions on the part of defendant which induced or caused third parties not to perform contracts or not to enter into business relations with plaintiff, an action of trespass would not lie. The motions were overruled and Chandler appealed.

The tort of inducing breach of contract or refusal to deal is defined as inducing or otherwise causing a third person not to perform a contract with another, or not to enter into or continue a business relation with another, without a privilege to do so. Restatement, Torts §766 (1939). Numerous cases in this Commonwealth are in accord with this definition. See Restatement, Torts, Pa. Annot. §766 (Supp. 1953).

Every case in Pennsylvania granting recovery for this tort has involved a defendant's interference with known contracts or business relations existing between third parties and a plaintiff. See, e.g., *Dora v. Dora,* 392 Pa. 433, 141 A. 2d 587 (1958) and *Padden v. Local No. 90 United Association of Journeymen Plumbers,* 168 Pa. Superior Ct. 611, 82 A. 2d 327 (1951). Our courts have also indicated that there may be recovery under this tort theory where a defendant has interfered with prospective contracts or business relationships of third parties with a plaintiff. See *Neel v. Allegheny County Memorial Park,* 391 Pa. 354, 358, 137 A. 2d 785, 787 (1958) and *Locker v. Hudson Coal Company,* 87 Pa. D. & C. 264, 267 (1953).

However, where, as in this case, the allegations and evidence only disclose that defendant breached his contracts with plaintiff and that as an incidental consequence thereof plaintiff's business relationships with third parties have been affected, an action lies only in contract for defendant's breaches, and the consequential damages recoverable, if any, may be adjudicated only in that action.[1]

To permit a promisee to sue his promissor in tort for breaches of contract inter se would erode the usual rules of contractual recovery and inject confusion into our well-settled forms of actions. Most courts have been cautious about permitting tort recovery for contractual breaches and we are in full accord with this policy. See Developments in the Law—Competitive Torts, 77 Harv. L. Rev. 888, 968 (1964). The methods

---

[1] There were allegations and some evidence that Chandler's contacts with third parties may have interfered with Glazer's disposition of sewer connection rights. While the above allegations and testimony might be relevant in an action for the tort of inducement, they are here too insubstantial to come within the protection of Restatement, Torts §766, and there is no need to discuss them further.

of proof and the damages recoverable in actions for breach of contract are well established and need not be embellished by new procedures or new concepts which might tend to confuse both the bar and litigants.

Accordingly, we reverse the judgment of the court below without prejudice to Glazer to institute an action of assumpsit.

Judgment reversed.