### NORTH CAROLINA MUTUAL LIFE INSURANCE COMPANY
#### v.
### PLYMOUTH MUTUAL LIFE INSURANCE COMPANY.
#### Civ. A. No. 41012.

United States District Court
E. D. Pennsylvania.
April 11, 1967.

C. Clark Hodgson, Jr., Philadelphia, Pa., for plaintiff.

Harold Cramer, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., District Judge.

This case is before the Court on Defendant's Motion to Dismiss, or in the alternative, for a More Definite Statement. The motions are directed at Plaintiff's Amended Complaint, specifically, the Third, Fourth and Fifth Counts.

### FACTS

The plaintiff, North Carolina Mutual Life Insurance Company, is a North Carolina corporation with its principal place of business in Durham, North Carolina. Defendant, Plymouth Mutual Life Insurance Company, is a Pennsylvania corporation with its principal place of business in Philadelphia. Plaintiff and defendant entered into a reinsurance contract in May, 1964, which was to continue for one year. Defendant agreed to underwrite student accident insurance policies on behalf of plaintiff, and to reimburse plaintiff for all expenses incurred with regard to the policies reinsured by defendant. The contract provided that "Plymouth agrees to hold company [plaintiff] harmless from all costs, expenses, claims and demands of every nature whatsoever arising out of or in any way connected with the conduct of the business and the issuance of student policies." Plaintiff was the nominal insurer whose name appeared on the policies, but defendant issued the policies and dealt with all claims arising from the policies. Defendant was required to submit monthly reports to plaintiff showing names of insureds, types of coverage, premiums received, and claims paid. Defendant was required to notify plaintiff of the intervention of any state insurance department or attorney. Each company had the right to inspect the books and records of the other pertaining to this transaction. In short, defendant was assuming the name of plaintiff for the limited purpose of underwriting student accident insurance in a specified six state area. Since defendant was not licensed to write insurance in these states, it could only do so by using the name of plaintiff which was so licensed.

During the course of the contract year, plaintiff received monthly reports from defendant as required by the contract, but the reports were allegedly false and did not inform plaintiff that claims had been made by attorneys and complaints filed against plaintiff with the insurance departments of some of the states involved. Plaintiff alleges that defendant failed to properly handle claims of its insureds, and because of this it was put to a great expense in finally disposing of these claims which should have been done in the first instance by defendant. Plaintiff brought this action for breach of contract to recover the expenses which it incurred. The amended complaint alleges damages to reputation and punitive damages, and these claims are the subject of defendant's motions.

### MOTION TO DISMISS

The defendant has moved to dismiss Counts III, IV and V of the Amended Complaint for failure to state a claim upon which relief can be granted. Fed. R.Civ.P. 12(b) (6). We cannot dismiss a complaint on this basis "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Schaedler

v. Reading Eagle Publication, Inc., 370 F.2d 795 (3rd Cir. 1967).

■ At the outset we are faced with a choice of law problem. The plaintiff and defendant are organized and have their principal places of business in North Carolina and Pennsylvania. The activities contemplated by the contract were to take place in California, Florida, Georgia, Illinois, Louisiana and Tennessee. At a minimum, we have a situation involving contacts in eight states. Since the parties have not raised the question and have assumed that Pennsylvania local law applied, and since the ultimate choice will depend on evidentiary matters, a proper disposition cannot be made at this time. However, it is sufficient for the purposes of this motion to decide that facts may be proved which would require that Pennsylvania local law would be the choice of law made under the Pennsylvania conflict of laws rules, which this Court must apply in diversity cases. Klaxon Co. v. Stentor Electric Mfg. Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Therefore on this motion to dismiss we can assess the validity of the complaint by reference to Pennsylvania local law. See Arfons v. E. I. Du Pont De Nemours & Co., 261 F.2d 434 (2nd Cir. 1958).

## COUNT III

■ The Amended Complaint alleges that the defendant made false and fraudulent statements to the plaintiff concerning the processing of claims which were made with the intent to cause plaintiff to rely on the statements and prevent the plaintiff from ascertaining the true state of affairs, i. e., that the claims were improperly processed. Plaintiff claims that it was damaged by reliance on these statements and did not learn until some time later that its good name and reputation were being damaged by defendant's conduct, which plaintiff could have prevented if it were aware of the true state of affairs. This count alleges all the elements of the tort of deceit. 23 Am.Jur. Fraud and Deceit § 20 (1939). Savitz v. Weinstein, 395

Pa. 173, 149 A.2d 110 (1959). Consequently, the motion to dismiss this count must be denied.

## COUNT IV

■ This count states a claim for the tort of intentional interference with prospective business advantage. Restatement, Torts § 766 (1934). It alleges that defendant breached its contract with plaintiff, that the breach was made with the intention of causing harm to the plaintiff's business, and that harm in fact occurred and will continue to occur in the future. Defendant cites Glazer v. Chandler, 414 Pa. 304, 200 A.2d 416 (1964) in opposition to this claim. *Glazer* held that mere breach of contract which has the incidental effect of injuring plaintiff's business relations with others is not a sufficient basis for this tort. However, plaintiff's injury was not merely incidental, rather it claims that the breach was made with the intent to destroy plaintiff's good will and reputation. This is the gist of the tort. Most of the decisions have turned upon the defendant's motive or purpose. A breach made because the defendant thinks he has made a bad bargain, even though intentional, does not support this cause of action. But where the underlying motive is purely malevolent, a desire to do harm to the plaintiff for its own sake, the elements of the tort are stated. Prosser, Torts § 124, p. 978 (3d ed. 1964). The existence of this tort is recognized in Pennsylvania. See Neel v. Allegheny Co. Memorial Park, 391 Pa. 354, 137 A.2d 785 (1958); Bruce Lincoln-Mercury, Inc. v. Universal C. I. T. Credit Corp., 325 F.2d 2 (3rd Cir. 1963). Where malice and wanton conduct are alleged, punitive damages can be recovered. Richette v. Pennsylvania R. R., 410 Pa. 6, 187 A.2d 910 (1963). The motion to dismiss this count, therefore, must be denied.

## COUNT V

■ The cause of action alleged in this count is negligent interference with existing and future business relations. The negligence is well pleaded.

Mahler v. United States, 196 F.Supp. 362 (W.D.Pa.1961). The problem is whether a legally protected right has been invaded. It has been generally stated that there can be no recovery for negligent interference with prospective advantage or existing business relationships. Prosser, Torts § 124, p. 976 (3d ed. 1964); 1 Harper & James, Torts § 6.11, p. 513 (1956). This view seems to have been adopted in Gramby v. Philadelphia Transp. Co., 22 Pa.Dist. & Co.R.2d 366 (Phila.Com.Pl.1960). In that case the court dismissed the complaint for failure to state a cause of action. There the manager of a professional prize fighter brought suit against the defendant for negligently injuring the boxer and thereby preventing his future boxing engagements. The manager sought recovery of that portion of the boxer's income which he would have received had the boxer been able to continue fighting. Of course, the defendant company did not know the boxer when it negligently injured him and was unaware that plaintiff was interested in his income producing ability. The suit was properly dismissed. However, *Gramby* merely illustrates that such a suit cannot lie where there is a lack of duty. We cannot read the case to prevent all such suits. If there is a reason to find a duty to the plaintiff, such a cause of action could properly be maintained. Here defendant was aware of plaintiff's business interests, and that its administration of claims, nominally against plaintiff, would affect that interest. Other courts have allowed recovery for negligent invasions of contract interests or prospective advantage where the relationship of the parties created a duty. In Lucas v. Hamm, 56 Cal.2d 583, 15 Cal.Rptr. 821, 364 P.2d 685 (1961), an attorney was held liable for negligent preparation of a will which prevented the plaintiff-beneficiaries from receiving the full interest which the testator intended they should receive. See also, Biakanga v. Irving, 49 Cal.2d 647, 320 P.2d 16, 65 A.L.R.2d 1358 (1958). Cases have permitted recovery against telegraph companies for improper transmission of a message which, if properly transmitted, would have resulted in a contract to the plaintiff. See cases cited in Prosser, supra at 976, n. 76. In discussing this cause of action, Prosser states: "In all probability, as in the case with interference with existing contracts, liability for negligence is not impossible, but it must depend upon the existence of some special reason for finding a duty of care." Id. at 977. Plaintiff contends that the unique relationship between the two insurance carriers has given rise to such a "special reason" for finding a duty of care. Conceivably, plaintiff might develop facts to support this contention, and therefore the motion to dismiss this count will also be denied.

## MOTION FOR A MORE DEFINITE STATEMENT

■■■ Defendant has moved in the alternative for a more definite statement. The defendant claims the Amended Complaint is too indefinite to form a responsive pleading thereto.

Defendant first states that plaintiff has not alleged "fraud" with the particularity required by Fed.R.Civ.P. 9(b). However, a perusal of the Amended Complaint shows that the elements of the fraud have been well pleaded. United States v. Goldberg, 159 F.Supp. 151 (E.D.Pa.1956); Union Mut. Life Ins. Co. v. Simon, 22 F.R.D. 186, 187 (E.D. Pa.1958). Defendant also contends that the manner in which plaintiff suffered alleged damages to its reputation and present and future business relationships must be stated with particularity. However, in the present case, to do this would require detailed matters of evidence beyond the scope of this motion. The complaint is not so vague as to prevent defendant from framing a responsive pleading. The particularity the defendant desires can be attained by discovery and depositions. Consequently, the motion for a more definite statement is denied.

## ORDER

And now, to wit, this 11th day of April, A.D. 1967, it is hereby ordered

that the Defendant's Motion to Dismiss Counts III, IV and V of the Amended Complaint, and Defendant's Motion for a More Definite Statement, be and the same are hereby denied.