**Archie SHERMAN and Robert Sherman, co-partners, trading as Ark Dental Supply Co.**

**v.**

**The WEBER DENTAL MANUFACTURING COMPANY.**

**Civ. A. No. 41240.**

United States District Court
E. D. Pennsylvania.
May 22, 1968.

A. E. Hurshman, Philadelphia, Pa., for plaintiff.

Edward C. German, Philadelphia, Pa., for defendant.

## SUR PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

KIRKPATRICK, District Judge.

This is a motion by the plaintiff partnership for summary judgment in an action for damages charging the defendant with restraint of trade in violation of the Sherman Anti-Trust Act, interference with the plaintiff's contractual relations and trade libel, all of which wrongs are alleged to stem from the defendant's action terminating the plaintiff's distributorship. The plaintiff does not contend that the action complained of was a breach of the contract. In its supplemental brief, it says, "we are not dwelling upon the fact whether defendant could or could not terminate plaintiff's contract with it at will. We are seeking damages for the tortuous (sic) interference with our customers".

The defendant opposes the motion on the alternative grounds that a genuine issue of material fact exists in regard to each claim and that as to none does the complaint state a claim upon which relief can be granted. The pleadings, answers to interrogatories and affidavits on file establish the following undisputed facts:

From October 4, 1956 to March 11, 1966, the plaintiff was one of the defendant's independent distributors of its dental equipment in the Philadelphia area. Each distributor was supplied by the defendant with its products for sale to dentists on the distributor's own account, subject to the following conditions contained, with a number of others, in a written contract: "3a. To provide after-sales service in a satisfactory manner dealers are forbidden to make shipments beyond the normal range of their service facilities. 4. The Company or the dealer may terminate relations at any time."

The plaintiff, despite the above conditions, made sales in territory beyond

the range of its service facilities. The defendant, after repeated warnings to the plaintiff that it was violating its distributorship agreement, put an end to their relationship.

As to its first claim, the plaintiff contends that the defendant terminated the contract in order to secure general enforcement of the first condition above, that the condition in question sets up a territorial restraint on resale which violates Section 1 of the Sherman Act and that therefore the cancellation of the contract was an act in the furtherance of an illgeal attempt to restrain trade. The fact that the contract was terminable at will, the plaintiff says, does not preclude suit on claims other than for a breach of the contract.

■ As to this claim whether the condition banning sales beyond the range of the dealer's service facilities is a legal or an illegal restriction depends upon the nature of the manufacturer-distributor relationship created by the contract. The decision of the Supreme Court in United States v. Arnold Schwinn & Co., 388 U.S. 365, 87 S.Ct. 1856, 18 L.Ed.2d 1249 (1967) makes it clear that if the manufacturer makes a straight sale of its products to its distributor with no strings attached, a per se violation of the Sherman Act results from any territorial restraint on resale, whereas where the contract makes the distributor's position "indistinguishable from those of an agent or salesman of the manufacturer" no violation of the Sherman Act occurs unless the restriction is an unreasonable one.

In the present case, it is next to impossible to determine from the "bare bones of the documentary evidence" before the court just what the relationship is. The solution of that question demands evidence of the course of dealing between the parties and of such other circumstances as will develop the actual marketing relationship between them.

■ As to the plaintiff's first claim, the present state of the record is insufficient to constitute a basis for summary judgment. Summary judgment is inappropriate, not only where a material issue of fact exists, but also where the facts of record on which the motion is based, even though not in dispute, are insufficiently developed to warrant judgment.

■ The issue is a material one and a plenary trial on the merits is the proper procedure.

■■ As to the plaintiff's last two claims for relief, no issue of fact exists and under the record as now before the court, neither states a claim upon which relief may be granted. The plaintiff's claim of interference with contract relations must fail in that the law of Pennsylvania is clear that a promissor cannot sue his promisee or vice versa for interference with the plaintiff's business relationship with third parties where the claimed interference amounts to nothing more than a breach of the contract. Glazer v. Chandler, 414 Pa. 304, 200 A.2d 416 (1964).

■ Finally: the plaintiff's claim of trade libel. This rests on a sentence from a letter sent in reply to a dentist's inquiry as to why the plaintiff was no longer handling the defendant's products. The sentence is "Ark Dental Supply Company is well aware of the reasons requiring us to withdraw our franchise and we feel sure that the matter will be satisfactorily resolved." I can see no possible set of facts upon which a jury could find the quoted sentence libelous.

## ORDER

The plaintiff's motion for summary judgment is denied as to all three of its claims.

On the plaintiff's second and third claims for relief, partial summary judgment may be entered for the defendant.[1]

---

1. The fact that the defendant has not filed cross motions for summary judgment against the plaintiff does not preclude the entry of such summary judgment in its favor. Walter v. Dunlap, D.C., 250 F.Supp. 76, affirmed 3 Cir., 368 F.2d 118.