**Behrend v. Bell Telephone Company**

*Mark Aronson,* for plaintiff.

*B. A. Karlowitz,* for defendants.

SILVESTRI, J., June 2, 1971.—The incidents giving rise to this case have, in one form or another, been before the court on several occasions; they are now before us once again in the form of a complaint in trespass.

An initial suit in equity was filed by plaintiff in this court in 1968, seeking equitable relief for defendant's failure to list his name in its directories and with its information operators. The complaint was dismissed. The Supreme Court sustained the dismissal on the grounds that the Pennsylvania Public Utility Commission has exclusive jurisdiction over plaintiff's claim: Behrend v. Bell Tel. Co. of Pa., 431 Pa. 63 (1968). Immediately thereafter, a bill in equity was filed in this court as well as a complaint before the Public Utility Commission. The bill was again dismissed by this court and the relief requested before the Public Utility Commission was denied, although the complaint was a precipitating factor in an investigation conducted by the Public Utility Commission: Behrend v. Bell Telephone Co. of Pa., P.U.C. Docket No. 18558, Investigation Docket No. 102, 117 P.L.S. 187. Finally, a complaint sounding in assumpsit and based on a theory of unjust enrichment was dismissed on preliminary objections by this court on June 22, 1970. On appeal to the Supreme Court, the dismissal was again sustained: Behrend v. Bell Telephone Co. of Pa., 440 Pa. 645. The original complaint in the instant case was attacked by preliminary objections which were sustained with leave to amend. An amended complaint was filed to which preliminary objections were again filed in the nature of a demurrer and objections to verbosity, which are now before us for disposition.

Accepting as true all the well-pleaded facts of the complaint, as we must do on such a motion (Wilkes-Barre Twp. Sch. Dist. v. Corgan, 403 Pa. 383 (1961), the following is established.

Plaintiff in this case is Kenneth W. Behrend, an attorney engaged in the practice of law in Allegheny County and a subscriber to Bell's service. Defendants are the Bell Telephone Company of Pennsylvania (hereinafter referred to as "Bell"), a public utility providing telephone service and equipment in the State of Pennsylvania, and the Reuben H. Donnelley Corporation (hereinafter referred to as "Donnelley") an exclusive agent of Bell which is in the business of soliciting advertised telephone listings for the yellow pages classified telephone directory in the Pittsburgh area on behalf of Bell. Count number one sets forth the wrongful omission by Bell from its white pages directory of plaintiff's business name, address and telephone number. Count number two is for Bell's wrongful failure to print plaintiff's name, business address and telephone number under the classification of attorney in the yellow pages classified telephone directory as plaintiff requested and as it did for other attorney subscribers. Count number three is for Bell's failure to inform its information operators that they were without plaintiff's listing and the delay in doing so when requested by plaintiff. Count number four is for Bell's malicious interference with plaintiff's law practice based on the act of Bell's operators in informing callers that plaintiff's telephone numbers were no longer in service and had been disconnected, plus the aforementioned failure to list plaintiff's number in the white and yellow page Directories. Count number five is against the Donnelley Corporation for its failure as the agent of Bell to convey plaintiff's written order request for

directory advertising. Each of the counts in trespass claim as damages injury to plaintiff's law practice either because of the inability of clients to call him or because of the loss of opportunity to gain new clients.

The preliminary objections of defendants to the five counts, simply stated, are (a) that plaintiff's amended complaint fails to state a cause of action against Bell and Donnelley; (b) that the amended complaint fails to comply with Pennsylvania Rule of Civil Procedure 1019; and (c) that since Donnelley, an admitted agent of Bell, has no contractual relation with plaintiff for listing his name in any telephone directory, plaintiff has no standing to complain of any alleged failure by Donnelley to perform its obligation to Bell.

## PRELIMINARY OBJECTIONS OF THE BELL TELEPHONE COMPANY OF PENNSYLVANIA

We agree with defendant's contention that plaintiff's complaint is in technical violation of the rules of procedure as to the permissible content and form of a pleading, in particular Rule 1019(c), requiring that the material facts on which the cause of action is based be stated in a concise and summary form. Plaintiff's amended complaint is excessively long (23 pages), contains the text and a summary of particular rules of the Pennsylvania Public Utility Commission and conclusions of law, and tends to be repetitious. However, we do not choose to dispose of the objections in this manner. As we have noted above, this is plaintiff's fourth attempt to have a hearing on the merits of his claim; we do not believe that justice will be served by a refusal now to hear the complaint on the technical grounds of the form of the pleading. In addition, the allegations of the complaint are relevant to the issues involved even though they may be un-

necessary in the strictest sense and defendants are not prejudiced by the nonconformance to the rule. At any rate, the most that would be accomplished by a dismissal on this ground is a further delay while plaintiff amends his complaint, and we feel that the essence of the complaint can be extracted by defendants and the court without any difficulty.

The major issue in this case and the one which plaintiff has repeatedly attempted to have resolved in his favor is whether the facts as recited in the five counts of the complaint establish a cause of action which plaintiff is entitled to have passed on by a jury.

It is defendants' contention that the complaint does not sound in tort but rather is based solely on the breach of a contractual relationship and, therefore, plaintiff is confined to an action in assumpsit for his remedies. They argue that since plaintiff's remedy is in contract, recovery for failure to list his telephone number both in the yellow and white pages is limited by their contract and the regulations of the Public Utility Commission "to an amount not exceeding the monthly charges for the advertising or listings involved." In support thereof, they cite Glazer v. Chandler, 414 Pa. 304 (1964), and the following statement therein at page 308.

"However, where, as in this case, the allegations and evidence *only* disclose that defendant breached his contracts with plaintiff and that as an incidental consequence thereof plaintiff's business relationships with third parties have been affected, an action lies only in contract for defendant's breaches, and the consequential damages recoverable, if any, may be adjudicated only in that action." (Italics supplied.)

The essential elements of a prima facie case based on negligence are (1) the act or omission to act where there is an affirmative duty to do so (Ebbert v.

Philadelphia Elec. Co., 330 Pa. 257 (1937)); (2) the establishing of some duty owed by defendant to plaintiff; (Stevens v. Reading St. Ry. Co., 384 Pa. 390 (1956)); (3) the breach of that duty by defendant's act or omission to act (i.e., defendant's conduct has in some manner fallen short of the duty of care owed to plaintiff) (Stevens v. Reading Ry. Co., supra); (4) proof that defendants' acts are the actual cause of harm to plaintiff (Whitner v. Lojeski, 437 Pa. 448 (1970)); and (5) a legal demonstration that the policy of the law extends the responsibility for the conduct to the consequences which have, in fact, occurred, i.e., whether in law defendants' actions are the proximate cause of plaintiff's injuries; whether the duty owed extends to the particular plaintiff.

Four of these five key elements involve to some extent the principle of duty. It is defendants' argument in this case that they owe no "duty of due care" or have no duty in law beyond their contractual obligations and that they, therefore, cannot be held liable in an action based upon negligence.

In order for this court to sustain plaintiff's complaint, it is necessary to ascertain if the facts alleged therein establish some duty, in this case an affirmative duty, on the part of defendants to use reasonable care in their relations with plaintiff. It is our opinion that such a duty arises out of the contract between plaintiff and Bell to furnish service and list plaintiff's name and number in its directory.

What must be kept in mind, and which defendants overlook, is that it is often the case that the same wrong may be both a breach of contract and a tort. There are many examples; a bailee's improper care of the bailed chattel may be a breach of the duty of care with respect to such chattel that he owes to his

bailor, and, hence, a tort as well as a breach of a contractual provision that he maintain the chattel in good condition; or, similarly, the duty owed by a carrier to exercise care in the transportation of its passengers, which has a basis both in contract and in tort.

In establishing whether there exists a cause of action in tort growing out of a contract, the test is whether there was an improper performance of the contractual obligations rather than a mere failure to perform; misfeasance as opposed to nonfeasance (H. R. Moch Co. v. Rensselaer Water Company, 247 N.Y. 160 (1928), a decision written by Justice Cardozo (see 59 Harvard L. Rev. 372 for a criticism of the distinction): Siegel v. Struble Bros., 150 Pa. Superior Ct. 343 (1942). In those cases that find liability in tort, the basis for the duty and the standard of care is the contract itself. The distinction, however, is not followed where the promisor is a public utility which has a duty to provide service to the public, the conditions and limitations of which extend beyond the contractual basis which obligates it to provide service in the first instance. Thus, while a subscriber's request for service may, to some extent, give rise to a contractual obligation to pay and provide service, the relation between the parties and, in particular, the obligations of the public utility are governed by regulations and law: Siter v. Bell Tel. Co. of Pa., 6 D. & C. 257 (1925). To this extent, it is not a contract in the usual sense and whether it is called a "public" or "private" contract (Felix v. Pa. P.U.C., 187 Pa. Superior Ct. 578 (1958)), it gives rise to more than the normal contractual obligations.

It is clear to this court that Bell has a duty which extends beyond mere contractual obligations, a breach of which gives rise to a cause of action for negligence.

Regulations of the Pennsylvania Public Utility Commission impose a duty on the telephone utility to issue "at sufficiently frequent intervals" telephone directories. In the case of Felix v. Pa. P.U.C., supra, the Superior Court, citing Steerman v. Bell Telephone Company of Pa., 24 Pa. P.U.C. 316, stated at page 582, that ". . . the undertaking of a telephone company to publish under a descriptive heading in its classified directory the names of all business and professional subscribers, who desire it, 'is a dedication to that part of the telephone using public,' and to such limited extent constitutes a public service." In addition, a duty in law to provide directory service has been found to exist beyond any duty imposed by the Public Utility Commission.

" 'A telephone directory is an essential instrumentality in connection with the peculiar service which a telephone company offers for the public benefit and convenience. It is as much so as is the telephone receiver itself, which would be practically useless for the receipt and transmission of messages without the accompaniment of such directories' ": Newsham v. United Telephone Co. of Pa., 2 D. & C. 2d 312, 316 (1954).

This duty extends to providing information operators with plaintiff's business telephone number.

The fact that the mere existence of a contract does not preclude an action in negligence and, in fact, may exist despite a contract to the contrary has long been recognized. Restatement of Contract 575 provides:

"Illegal Bargains for Exemption from Liability for Wilful or Negligent Misconduct.

"(1) A bargain for exemption from liability for the consequences of a wilful breach of duty is illegal, and a bargain for exemption from liability for the consequences of negligence is illegal if

"(a) the parties are employer and employee and the

bargain relates to negligent injury of the employee in the course of the employment, or

"(b) one of the parties is charged with a duty of public service, and the bargain relates to negligence in the performance of any part of its duty to the public, for which it has received or been promised compensation."

In addition, the Public Utility Code recognizes that public utilities are liable for damages for negligence in performing their duties: Public Utility Law of May 28, 1937 P. L. 1053, art. XIII, sec. 1310, 66 PS §1500:

"Liability for damages occasioned by unlawful acts.

"If any person or corporation shall do or cause to be done any act, matter, or thing prohibited or declared to be unlawful by this act, or shall refuse, neglect, or omit to do any act, matter, or thing enjoined or required to be done by this act, such person or corporation shall be liable to the person or corporation injured thereby in the full amount of damages sustained in consequence thereof: *Provided, That the liability of public utilities, contract carriers by motor vehicles, and brokers for negligence, as heretofore established by statute or by common law, shall not be held or construed to be altered or repealed by any of the provisions of this act:* And provided further, That the recovery in this section authorized shall in no manner affect a recovery by the Commonwealth of the penalty prescribed in section one thousand three hundred one of this act for such violations of this act." (Italics supplied.)

Thus, counts one, two and three of the complaint, even though they may give rise to actions for breach of contract, and plaintiff does not assert specifically that they do, the failure to publish the listings and inform the information operators of plaintiff's

telephone number does give rise to a prima facie cause of action in negligence.

Count four also is more than an allegation of a breach of contract. Plaintiff has pled not only the failure to publish the requested telephone listings but the false information given and the actual interference by Bell's operators with incoming calls. As we have stated above, the obligation of the telephone company to furnish service is more than a contractual obligation; it is a duty upon the public utility to provide service to those who request it and pay their charges. There can be no discrimination as to the basis for the charge or who is to be served once the request is made. Public Utility Law of May 27, 1937, P. L. 1053, art. IX sec. 402, 66 PS §1172. An intentional breach of that duty, coupled with the interference with prospective clients, is sufficient to give rise to the tort of malicious interference with prospective business advantages which sounds in trespass: Sherman v. Weber Dental Manufacturing Co., 285 F. Supp. 114 (E.D. Pa., 1968).

## PRELIMINARY OBJECTIONS OF THE REUBEN H. DONNELLEY CORPORATION*

The objection of defendant Donnelley to count five is based on section 357 of the Restatement of Agency, cited in Snyder v. The Bell Telephone Company of Pennsylvania, 32 D. & C. 2d 128, 132, 133 (1963), which provides:

"An agent who intentionally or negligently fails to perform duties to his principal is not thereby liable to a person whose economic interests are thereby harmed."

---

* What has been said hereinabove as to Bell's preliminary objections in re Rule 1019, also applies to the same preliminary objections of Donnelley.

Therefore, since Donnelly solicited listings acting solely as the agent of Bell, it argues that it is not responsible to Behrend for any economic loss which he may have sustained due to the failure to publish Behrend's listing in the yellow pages published by Bell, even if it was due to Donnelley's own negligence.

We are in agreement with this general statement of the law. However, we must also agree with plaintiff's statement of the law that an agent may be liable where it has personally assumed an obligation (Eckert v. Merchants Shipbuilding Corp., 280 Pa. 340 (1924)), as it does when the need for action is so immediate that withdrawal from the undertaking is not possible without unreasonable risk to third parties: Rodincuic v. Isthmian S.S. Company, 93 F. Supp. 658 (1950), 1 Pa. Law Encylopedia, Agency, section 129. Plaintiff alleges in count five that Donnelley as the exclusive agent for Bell failed to communicate the request for listings. It is our opinion that these facts, along with the fact that plaintiff is an attorney and unable to advertise, are sufficent to establish that the failure to transmit his order for listing his number in the yellow pages, if proved, establishes a separate cause of action against Donnelley.

We are compelled to make one final observation. As noted above, this case has a long and tortuous history. Complaint has followed amended complaint, twice in equity, then before the Pennsylvania Public Utility Commission, then in assumpsit and finally in trespass, without ever reaching a stage where a hearing on the merits could be had or a final disposition of the matter obtained by the parties. The purported objective of the pleadings, complaint, answers, etc., is to clarify the issues before the court, and to put the parties on notice so that a final order based upon them will end the controversy forever. This case is a perfect example of the failure of our present system of plead-

ings to accomplish this purpose. The facts which gave rise to this complaint are identical to those which gave rise to the five other complaints, yet because of our outmoded adherence to ancient forms of action and inflexible rules of pleading, plaintiff was forced to begin this case five times, involving starting with all of the accompanying devices necessary to trigger a lawsuit.

The adverse effect of this type of complication and delay on our system of justice upon the confidence of the public in our courts of law is incalculable. Had plaintiff in this case been an ordinary citizen instead of a member of the bar, it is doubtful that he would have been able to afford to pursue this action to obtain a redress for his harm. It would be little consolation to him that his attorney was not able to find the proper form for his claim in the maze of judicial history. Nor is the effect on individual litigants alone; history has shown us that strict adherence to technical rules of pleading results in an intolerable burden of procedural litigation clogging our courts. In fact, it is our belief that it is in no small part the reason for the backlog in our civil courts.

Justice Pomeroy, of our Supreme Court, has recently stated in a concurring opinion in the case of Commonwealth, ex rel. Carroll v. Tate, 442 Pa. 45, 63 (1971), the need for a reexamination of our whole judicial system:

" . . . 'The confidence, reliance and trust in our Courts and in our Judicial System on the part of the Bench and the Bar, as well as the general public, have been seriously eroded. We cannot permit this to continue. In order to improve and expedite Justice, it is both important and imperative that we re-examine and reevaluate our Courts and their

administration, our Judical processes and our entire Judicial System."

We are in complete agreement with this statement and are of the belief that our system of pleadings and procedure offer a perfect place to start with such a reexamination.

The time has arrived to permit plaintiff to have his claim passed upon by a jury. Accordingly, the preliminary objections of both defendants will be dismissed.

### ORDER

And now June 2, 1971, it is ordered and decreed:

1. The preliminary objections of the Bell Telephone Company of Pennsylvania are dismissed;

2. The preliminary objections of the Reuben H. Donnelley Corporation are dismissed; and

3. Both defendants are given 20 days from the date hereof to file such pleadings to the amended complaint as they may choose.