**McCULLY–SMITH ASSOCIATES, INC., a corporation, Plaintiff,**

v.

**ARMOUR AND COMPANY, a corporation, and Daniel W. Smith, Defendants.**

Civ. A. No. 69–480.

United States District Court, W. D. Pennsylvania.

March 22, 1973.

Janet N. Valentine, Thomson, Rhodes & Grigsby, Pittsburgh, Pa., for plaintiff.

Thomas J. Jackson, Thorp, Reed & Armstrong, Henry W. Fulton, Jr., Kenney, Stevens, Clark & Semple, Pittsburgh, Pa., for defendants.

## OPINION

TEITELBAUM, District Judge.

The threshold issue to the disposition of the pending motion of the defendant

Daniel W. Smith to dismiss this diversity action (1) for failure to make proper service of process and, alternatively, (2) for failure to make service within the period of the applicable statute of limitations, is the nature of the action. The plaintiff contends that it is for tortious interference with a business relationship, while the defendant maintains, on the other hand, that it is for tortiously conspiring to and defaming the plaintiff's business reputation. The significance of the dispute lies within the differing periods of the potentially applicable statutes of limitations. With respect to actions for interference with business relationships it is six years and with respect to actions for conspiracy to defame it is one year.

■ Notwithstanding the defendant's characterization, based on isolated averments of the complaint, of the action, a fair reading of the complaint in its totality leads only to the conclusion that its thrust alleges a tortious interference with a business relationship. It avers that there existed a contract between the plaintiff and the defendant Armour and Company; that the defendant Smith "solicited" Armour to cancel its contract with the plaintiff; and that Smith's actions were willful, intentional and without justification. All the elements of the tort of interfering with a business relationship or inducing a breach of contract are set out. See Glenn v. Point Park College, 441 Pa. 474, 272 A.2d 895 (1971); Glazer v. Chandler, 414 Pa. 304, 200 A.2d 416 (1964); Restatement of Torts § 766. Consequently, the six-year statute of limitations applicable generally to trespass actions obtains in this action, 12 P.S. § 31; see Helmig v. Rockwell Manufacturing Company, 389 Pa. 21, 131 A.2d 622 (1957), cert. denied, 355 U.S. 832, 78 S.Ct. 46, 2 L.Ed.2d 44 (1957), rehearing denied, 355 U.S. 885, 78 S.Ct. 146, 2 L.Ed.2d 115 (1957), and the events complained of having occurred in late 1968 and early 1969 and, at the latest, the action having been commenced as to the defendant Smith in 1972,[1] the action is timely.

The defendant contends alternatively that service was improper because he was never personally served with process, i. e., because he had no actual notice of the filing of the action. Service was effected most recently[2] pursuant to 12 P.S. §§ 341 and 346, which respectively, provide that any non-resident of Pennsylvania who commits a tortious act within Pennsylvania, or any resident who commits a tortious act within Pennsylvania and subsequently becomes a non-resident, "shall be conclusively presumed to have designated and constituted the Secretary of the Commonwealth of Pennsylvania" as an agent for purposes of the service of process in any civil action and allow for service by registered mail on both the Secretary and the non-resident.

■ ■ The defendant does not seriously contest the plaintiff's compliance with the procedures for service pursuant to § 346. Rather, on the basis that the mail to him containing the complaint and the summons never reached him,[3] he urges that the failure of actual notice to him makes the service violative of due process and, resultingly, constitutionally defective.[4] The law, however, is to the contrary. So-called long-arm service on non-residents who have committed tor-

---

1. The action was first filed in April of 1969, but service on Smith has twice been quashed. The issues of whether or not the action remained pending against Smith, and whether or not service was reissued timely, are, in light of the applicability of the six-year statute of limitations, moot.

2. See n. 1.

3. After remaining for a time in the Post Office in Louisville, Kentucky (his last known address) while he was absent from that state, the complaint and the summons were returned to the United States Marshal in Pittsburgh, Pennsylvania.

4. Nor does he contend that 12 P.S. § 341 is limited to tortious acts committed after its effective date. It is settled that it is not. Sussman v. Yaffee, 443 Pa. 12, 275 A.2d 364 (1971).

tious acts within a state authorizing long-arm service does not violate due process. See Rosenblatt v. American Cyanamid Co., 86 S.Ct. 1, 15 L.Ed.2d 39 (1965) (Opinion of Mr. Justice Goldberg in Chambers); McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), citing, with apparent approval, Smyth v. Twin State Improvement Corp., 116 Vt. 569, 80 A.2d 664 (1951); Sussan v. Strasser, 36 F.Supp. 266 (E.D.Pa.1941); Elkhart Engineering Corp. v. Dornier Werke, 343 F.2d 861 (5th Cir. 1965); and Rosenlund v. Transnational Insurance Co., 237 F.Supp. 599 (D.C.Or.1964). See also Barrett v. Browning Arms Co., 433 F.2d 141 (5th Cir. 1970). In the face of the constitutionality of the statute, and the compliance with its procedures by the plaintiff, the fact that he never actually received the complaint and the summons is of no consequence.

An appropriate order will be entered.