**KENNAMETAL, INC.**

v.

**SUBTERRANEAN EQUIPMENT COMPANY.**

Civ. A. No. 81–431.

United States District Court,
W. D. Pennsylvania,
Civil Division.

July 23, 1982.

Dan Altman, Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., for plaintiff.

Jon M. Lewis, Greensburg, Pa., for defendant.

## OPINION

SIMMONS, District Judge.

Plaintiff, Kennametal, Inc. filed this civil action against Defendant, Subterranean Equipment Co. (SEC) alleging a breach of contract due to Defendant's failure to pay for certain mining machinery and related items. Plaintiff also alleged that certain other mining equipment was ordered by Defendant who now refuses to issue delivery instructions for or pay for the equipment.

■ Defendant, SEC, in answering the complaint filed a counterclaim alleging intentional interference with prospective contractual relations, intentional interference with business relations and a breach of contract.[1]

SEC contends that Kennametal breached the contract between them, a distributorship agreement which made SEC a non-exclusive distributor of Kennametal products, specifically certain mining equipment and replacement cutters. The alleged breach occurred by Kennametal directly selling cutters to SEC's customers at a discount price that was less than the discount price originally offered SEC by Kennametal. SEC alleges that Kennametal, by selling cutters to SEC's customers at the lower discount price, intentionally interfered with the prospective relations between SEC and its customers.

Kennametal has filed a motion for summary judgment on SEC's counterclaim on the grounds that:

1. Because SEC has a non-exclusive distributorship, Kennametal was privileged to sell the mining equipment therefore there was no tortious interference with a prospective contractual relationship, and

2. No breach of the contract occurred because SEC's distributorship agreement does not bar the sales by Kennametal to other buyers, which are the basis of the counterclaim.

In reviewing a motion for summary judgment the Court must determine if there is a genuine issue as to any material fact that would preclude judgment being entered as a matter of law. Kennametal has the burden of clearly establishing the non-existence of any genuine issue of fact material to the granting of judgment in its favor. It must also show that SEC is not entitled to recover under any discernible circumstances.

There being no dispute between the parties as to the material facts presented, the Court on June 17, 1982, after considering the record and arguments of both counsel, granted Kennametal's motion and dismissed SEC's counterclaim.[2] This opinion is to support the Court's dismissal of Defendant's counterclaim.

On September 13, 1978, Subterranean Equipment Company (SEC) and Kennametal Inc. entered into a Distributorship Agreement wherein SEC was made a non-exclusive distributor for the sale and service of Kennametal's mining products, specifically Big Hole Cutters, Center Cutters, and Disc Cutters and spare parts shown in SEC's brochure B76–83(3)D7. (Schedule A

---

1. Both torts, interference with prospective contractual relations and interference with business relations, require proof of the same elements and will be jointly considered by the court as interference with a contractual relationship.

   *Glenn v. Point Park College*, 441 Pa. 474, 272 A.2d 895 (1971); *Glazer v. Chandler*, 414 Pa. 304, 200 A.2d 416 (1964).

2. On the same date the Court entered an additional Order allowing Kennametal to freely record and execute on the judgment stipulated to by both parties as to Count I in this matter. After being presented with a Petition to Stay Enforcement of the Judgment pending review of the case by the Third Circuit Court of Appeals, this Court entered a subsequent order on June 28, 1982, staying any proceedings on the September 14, 1981 Order entering judgment pending further order of the Appellate Court.

of Agreement—Products) The Kennametal products were to be purchased by SEC at a "twenty-five percent (25%) discount from list price, less ten percent (10%)." (Schedule D of Agreement—Discount from List Price) SEC then sold the Kennametal products at list price to its customers with its profit being the difference between the discount price and list price.

In the summer of 1980, Kennametal offered these same products to SEC's customers at a fifty percent (50%) discount price. Since the cutters for the mining equipment must be continually replaced, given their susceptibility to wear over a period of time, SEC alleges that Kennametal's direct selling to SEC's customers at a fifty percent (50%) discount caused SEC substantial losses in terms of commissions or profits not earned.

SEC contends that "Kennametal intentionally and improperly interfered with its prospective contractual relationship with its customers by inducing the customers to purchase the cutters from Kennametal at a much lower price than would be available through SEC and thus discontinue that customer's relationship with SEC ...". SEC also claims that Kennametal's harmed the economic and business relationship it had with its customers by inducing them to purchase from Kennametal at the lower price.

■ The Pennsylvania Courts have recognized the tort of intentional interference with a prospective contractual relationship as set forth in the Restatement (Second) of Torts § 766B. In order to properly establish a claim for this tort SEC must establish:

1. A prospective contractual relationship;
2. The intent of Kennametal to harm SEC by preventing that relationship from occurring;
3. The absence of any privilege or justification by Kennametal for its actions; and
4. Damages to SEC as a result of Kennametal's actions.

See Glazer v. Chandler, 414 Pa. 304, 200 A.2d 416 (1964), and

Birl v. Philadelphia, 402 Pa. 297, 167 A.2d 472 (1960)

Glenn v. Point Park College, 441 Pa. 474, 479, 480, 272 A.2d 895 (1971).

If Kennametal is to incur tortious liability for its actions in selling the mining equipment to SEC's customers, such acts must be considered improper in the light of the Restatement 2d of Torts, § 766B, cited supra.

The distributorship agreement entered into between Kennametal and SEC specifically states, "Kennametal hereby appoints Subterranean Equipment Company as its *non-exclusive* distributor for the sale and service of products manufactured by the Kennametal Mining Tool Group...". (Distributorship Agreement Paragraph 1(a)). Kennametal contends that it is evident from the agreement that it had the privilege to sell in competition with SEC because the distributorship was non-exclusive and such non-exclusivity allows Kennametal the privilege to compete fully and aggressively against SEC in the marketplace.

■ After reviewing the distributorship agreement which outlines the relationship between the two parties, the Court is at a loss to find any term or condition that prohibits Kennametal from entering the marketplace to sell its products. The Court agrees with Kennametal's plain reading of the agreement and finds that the language of the agreement allows Kennametal to compete with SEC and properly sell its products in the open market. Interference in this fashion is not improper as it is made specifically permissible under the terms of the agreement. Kennametal is justified under the terms of the contract in choosing to directly sell its products to SEC's customers or any other class of potential buyers and may induce such sales by offering a discount price.

It is true that the interests of the two companies may conflict when competing for sales to the same customers, but this conflict does not require Kennametal or SEC to forego their legitimate right to sell mer-

chandise to customers who are financially able and willing to purchase items for sale. The business arena is a competitive one that requires its players to have considerable skill, foresight and endurance. The successful players gain their competitive advantage by knowing how to employ the rules of the game for their economic benefit.

The Court finds Kennametal's conduct to be proper and within the realm of acceptable business behavior where the distributorship agreement expressly appointed SEC a non-exclusive distributor and did not restrict the rights of Kennametal to compete in the marketplace.

Since SEC has failed as a matter of law to properly establish its claim for intentional interference with a prospective contractual relationship under the undisputed facts, the Court finds that Kennametal did not breach the distributorship agreement and did not commit a tortious act against SEC, by directly selling the products covered in the agreement to SEC's customers. SEC has not presented to the Court for its consideration any provision of the contract it believes to have been breached by Kennametal. The Court's independent review of the agreement has found no breach by Kennametal under the plain undisputed terms of the agreement as it does not preclude the above-mentioned sales by Kennametal, but to the contrary provides for the same.

In summary this Court concludes:

1. That there is no prospective contractual relationship expressed or implied of any kind between the parties that sustains SEC's contention that there was an intentional interference with a business relationship and/or a breach of contract on the part of Kennametal. There cannot be a breach of a non-existent term of a contract;

2. It follows that Kennametal had no intention to harm SEC by its sales to SEC's customers by breaching the contract since the contract in question expressly gave Kennametal the right to make said sales to anyone in the world, including SEC's customers;

3. Kennametal was privileged and justified in making sales to SEC's customers because said sales were permitted under the plain undisputed terms of the contract; and

4. Since Kennametal's admitted actions did not violate any of SEC's expressed and/or implied rights under the contract in question, there certainly can be no liability of Kennametal to SEC for damages of any kind.

Therefore, the Court will affirm its order dated June 17, 1982, granting Kennametal's motion for summary judgment and dismissing the counterclaim of defendant Subterranean Equipment Company.

## ORDER

AND NOW, this 23rd day of JULY, 1982, IT IS SO ORDERED.