Alexander Vitale, J.
Plaintiff, a Delaware corporation, is authorized to do business in the State of New York. It has its principal office in Nassau County, New York. The defendant, a California corporation, has its principal place of business in Inglewood, California. Plaintiff, by agreement in writing, leased certain machinery located at Inglewood to the defendant. This suit is brought to recover judgment for rent alleged to be unpaid.
The leasing agreement stipulates that all actions arising out of it be litigated in the State of New York. Further, that the action may be commenced by mailing the process, certified mail return receipt requested, to the defendant at its designated California address. The summons was, in fact, served in this manner.
The defendants, in their answer admit receipt of the summons through the mails but request judgment dismissing the complaint upon three separate grounds, each of which asserts lack of jurisdiction over the defendant.
The plaintiff moves for summary judgment, based upon the pleadings, the leasing agreement, and the affidavit of its officer having knowledge of the facts. The defendants have not submitted any documents or exhibits on the motion. Therefore, their entire opposition is to be found in their answer to the complaint.
Two of the defendants’ contentions as to jurisdiction are rejected, but the third must be sustained. They will be taken up in sequence.
1. The defendants say they are nondomiciliaries of New York and have never transacted any business here. The language of the leasing agreement amply brings it within the rule of Gilbert v. Burnstine (255 N. Y. 348) where it was held that the parties may, by contract, designate the forum, in which the actions arising out of their agreement, would be tried.
2. Defendants ask this court to reject jurisdiction on the doctrine of forum non conveniens. They claim none of the parties are domiciled here and that the subject matter of the action has no contact with New York or its courts. However, *540 it appears to be unrefuted that plaintiff is authorized to do business in New York and has its principal place of business here. Under these circumstances, plaintiff would be entitled as a matter of right to have our courts take cognizance of actions which it properly brings before them (De La Bouillerie v. De Vienne, 300 N. Y. 60).
3. The defendants finally say the service of the process upon them was defectively made, namely by certified mail, and was not made in a manner authorized by the CPLR.
Plaintiff in its motion for judgment asserts that the defendants freely, openly, with knowledge, and in advance, covenanted with plaintiff to accept service in this manner. The language of the agreement is not contested by either party at this time, nor is the fact that service was actually received.
The Constitution of the State of New York, by article VI, section 30 thereof, provides that the Legislature shall have the power to regulate the practice and procedures of the courts. The Legislature, accordingly, enacted the CPLR (chapter 8 of the Consolidated Laws).
It is therein provided that an action is commenced, and jurisdiction is acquired, by service of a summons. (CPLR 304.) Also, “ Proof of service shall * * * set forth facts showing that the service was made by an authorized person and in an authorized manner.” (CPLR 306.) The manner in which service may be made under various contingencies is further provided for. (CPLR 303, 311, 318.)
The service of process being a matter of procedure, which the Constitution has relegated to the Legislature, the parties may not, by private agreement, provide for other or alternate ways of service. They are bound to follow one of the methods designated in the Civil Practice Laws and Rules, and no other. (See 3 Carmody-Wait 2d, New York Practice, § 24:38; also Erickson v. Robison, 282 App. Div. 574 [1953].)
Accordingly, the plaintiff’s motion for summary judgment is denied on the ground that the court, not having acquired jurisdiction over the person of the defendant, is without power to render judgment against them.