**B. M. HEEDE, INC., Plaintiff,**

v.

**WEST INDIA MACHINERY AND SUP-PLY CO., Defendant.**

**No. 67 Civ. 989.**

United States District Court
S. D. New York.

June 23, 1967.

Parker, Duryee, Zunino, Malone & Carter, New York City, Thomas F. Tivnan, New York City, of counsel, for plaintiff.

Baker & McKenzie, Samuel Becker, New York City, for defendant.

## OPINION

TENNEY, District Judge.

Defendant moves herein for an order of this Court: (a) pursuant to Rule 12 (b) of the Federal Rules of Civil Procedure dismissing this action on the ground that it involves questions of the construction, effect and validity under the Constitution of the United States of the so-called "Dealer Law" of Puerto Rico, 10 L.P.R.A. § 278a, which this Court. should abstain from deciding; (b) dismissing or staying this action on the grounds that there is presently an action pending in Puerto Rico commenced by defendant which involves all the issues raised in the instant action and that Puerto Rico is the only convenient forum to decide such issues; and (c) alternatively, pursuant to 28 U.S.C. § 1404(a), transferring the within action to the United States District Court for the District of Puerto Rico. After due consideration, defendant's motion is in all respects denied.

Plaintiff is a New York corporation having its principal place of business in Rye, New York, and also apparently maintaining offices in California and Canada. All of its records are kept in New York and all its executives and officers either reside in New York or Connecticut.

Defendant is a Puerto Rican corporation engaged in the business of acting as

a distributor in Puerto Rico for nationally known manufacturers of construction, industrial and agricultural equipment. Its only office and principal place of business is located in San Juan, Puerto Rico. Defendant alleges that it does no business in New York and that is has never had any office, representative, telephone listing or post office address in New York. All of its records are located in San Juan, Puerto Rico, and all of its officers, directors and employees reside there.

In the early part of February 1965, B. M. Heede, Sr. president of plaintiff, visited defendant's San Juan offices and proposed that defendant act as exclusive distributor of certain construction equipment in Puerto Rico, the Dominican Republic and the Virgin Islands. An oral agreement was allegedly reached at that time. For the next month discussions took place, culminating in the formalization of plaintiff's proposals in two contracts which were executed during the early part of March 1965. Although there is some dispute concerning the place of negotiations, it seems fairly clear that most of the negotiations took place by mail but that some discussion took place at defendant's offices in San Juan. There is no allegation that any employees or officers of defendant came to New York during the course of such negotiations. The contracts were allegedly executed by defendant in San Juan and by plaintiff in New York.

Appearing immediately prior to the signatures in each agreement was the following provision:

> This Agreement shall be governed by the laws of the State of New York, and the parties hereto consent to and accept the jurisdiction of the Courts of the State of New York with respect to the determination of any claim, dispute or disagreement which may arise from the interpretation, performance or breach of this Agreement, or with respect to any matter involved herein.

On November 17, 1966, plaintiff, by letter, tendered notice of termination of the contracts effective thirty days thereafter. Paragraph 20 of both contracts provided for unilateral termination by either party and stated the following:

> This Agreement shall continue in full force and effect for the term of one (1) year from the date hereof and shall automatically be renewed and extended from year to year on the anniversary date hereof; provided, however, that after the first year either party shall have the right to terminate this Agreement by giving the other party thirty (30) days written notice of its intention to terminate.

Defendant, by its attorney, advised plaintiff that the termination was ineffective since it was in violation of Puerto Rican Law No. 75, 10 L.P.R.A. § 278a, which provides in pertinent part:

> Notwithstanding the existence in a dealer's contract of a clause, reserving to the parties the unilateral right to terminate the existing relationship, no principal or grantor may directly or indirectly perform any act detrimental to the established relationship or refuse to renew said contract on its normal expiration, except for just cause.

After negotiations took place, the within action was commenced on March 10, 1967. One month later, on April 18, 1967, an action was commenced by defendant against plaintiff in the Superior Court of Puerto Rico. On May 11, 1967, the action in the Superior Court was removed by plaintiff to the United States District Court for the District of Puerto Rico.

The complaint in the instant action (1) alleges defendant's breach of contract in failing to carry out its obligations under the agreements; (2) seeks a declaratory judgment that the agreements were validly terminated; and (3) seeks a declaratory judgment that Puerto Rican Law No. 75, 10 L.P.R.A. § 278a is unconstitutional as an invalid impairment of contract and as a violation of plaintiff's rights under the fourteenth amendment.

*Jurisdiction and Choice of Law.*

■ Initially, the Court must determine whether the law of New York or Puerto Rico is to be applied, for if the Court finds New York law applicable, defendant's abstention argument becomes moot. It is clear that in personam jurisdiction can be validly obtained over a defendant by consent given prior to the institution of the action. National Equip. Rental, Ltd. v. Szukhent, 375 U.S. 311, 316, 84 S.Ct. 411, 11 L.Ed.2d 354 (1963); Bowles v. J. J. Schmitt & Co., 170 F.2d 617 (2d Cir. 1948). However, what law this Court will apply after having validly obtained jurisdiction presents a far more difficult problem.

■■ When dealing with contracts which necessarily are concerned with obligations voluntarily undertaken, some presumption is created in favor of applying the law tending toward the validation of the contract. Kossick v. United Fruit Co., 365 U.S. 731, 741, 81 S.Ct. 886, 6 L.Ed.2d 56 (1961). "In cases dealing with the (essential or formal) validity of contracts between parties of equal bargaining power, courts have applied any 'proper' law that would validate such contracts * * *." Ehrenzweig, Contracts in the Conflict of Laws, 59 Colum.L.Rev. 973, 1024–25 (1959). It will usually be presumed that the parties to a contract contemplate the application of a law which would uphold the contract, and it cannot be presumed that they intended to submit to a jurisdiction whose law would defeat it. Pritchard v. Norton, 106 U.S. 124, 1 S.Ct. 102, 27 L.Ed. 104 (1882); cf. Lauritzen v. Larsen, 345 U.S. 571, 588–589, 73 S.Ct. 921, 97 L.Ed. 1254 (1953). See also Perrin v. Pearlstein, 314 F.2d 863 (2d Cir. 1963).

The cases in this circuit are in accord with the above general statement of the law although, in the early case of E. Gerli & Co. v. Cunard S. S. Co., 48 F.2d 115 (2d Cir. 1931), it appeared that a different result would be reached. In *Gerli,* Judge Learned Hand stated:

"People cannot by agreement substitute the law of another place; they may of course incorporate any provisions they wish into their agreements * * * and when they do, courts will try to make sense out of the whole, so far as they can. But an agreement is not a contract, except as the law says it shall be, and to try to make it one is to pull on one's bootstraps. Some law must impose the obligation, and the parties have nothing whatever to do with that." Id. at 117.

It is generally concluded, however, that this dictum of *Gerli* was overruled by Hal Roach Studios, Inc. v. Film Classics, Inc., 156 F.2d 596 (2d Cir. 1946), a case substantially similar to the case at bar. See e. g., Ehrenzweig, Conflict of Laws § 176, at 467 n. 1 (1962); Note, 62 Harv.L. Rev. 647, 654 (1949). In the *Roach* case, a clause provided that in the event of a default the licensor could terminate the agreement thirty days after notice was given to the licensee. The contract further provided that the "validity, construction and effect shall be governed by" New York law. 156 F.2d at 598. The Court held that

"The provision for rescission is one going to the 'essential validity' of the contract and deals with consequences flowing from failure in performance of that contract. Under orthodox conflict of laws rules this provision is to be given effect by the forum according to the law of the place of performance. * * * Where, however, there is no single place of performance, and there are many jurisdictions with which the contract has close association, *there seems no reason, apart from the policy of the forum, why the parties cannot specify the law of one jurisdiction as controlling, so long as there is that sufficient relationship to make it reasonable that the law chosen should apply."* Ibid. (Emphasis added.)

Finally, in Siegelman v. Cunard White Star Ltd., 221 F.2d 189 (2d Cir. 1955), the Court expressed doubt that the parties could stipulate the law governing the validity of the contract and stated that the question of rescission is very similar

to one of essential validity. Despite this finding, it allowed the parties' intention to control inasmuch as the choice of law was bona fide and the jurisdiction had some relationship to the contract.

Thus, it now appears that the law can be stated as follows: The parties may stipulate in the contract the law to be applied in determining questions of validity (or, at least, closely related subjects) and interpretation, where the law chosen has some reasonable relationship with the contract and where the fundamental public policy of the forum is not vitiated. See Matter of El Hoss Eng'r & Transp. Co., 183 F.Supp. 394, 399 (S.D.N.Y.1960), rev'd on other grounds sub nom. El Hoss Eng'r & Transp. Co. v. American Independent Oil Co., 289 F.2d 346 (2d Cir.), cert. denied, 368 U.S. 837, 82 S.Ct. 51, 7 L.Ed.2d 38 (1961). See generally 6A Corbin, Contracts § 1446, at 487 (1962); Ehrenzweig, Conflict of Laws § 176 (1962). The New York State court decisions require no different result. A. S. Rampell, Inc. v. Hyster Co., 3 N.Y.2d 369, 165 N.Y.S.2d 475, 144 N.E.2d 371 (1957); cf. Wyatt v. Fulrath, 16 N.Y.2d 169, 264 N.Y.S.2d 233, 211 N.E.2d 637 (1965).

In the instant case, plaintiff is a New York corporation and the agreement was at least partially executed here. Defendant does not deny that it was aware of the stipulation and it is not disputed that plaintiff specifically insisted on the inclusion of such a clause so that in the event of litigation it would not be precluded from use of the New York courts and would not be relegated to suit in Puerto Rico, a long distance from its base of operations and where the proceedings apparently are conducted in the Spanish language. The contract was not entirely performable in Puerto Rico. Compare Hal Roach Studios, Inc. v. Film Classics, Inc., supra.

Accordingly, the Court is of the opinion that New York law is applicable in determining the validity of the contract so that defendant's argument that this Court should abstain from determining the constitutionality of the Puerto Rican law is inapposite. Moreover, even were I to determine that this action is governed by Puerto Rican law, this still would not be a proper case for abstention since it is very possible that the suit could be resolved without a declaration that the Dealer Law is unconstitutional. Said statute prohibits unilateral termination of a contract without just cause. It is apparent from plaintiff's papers that it is alleging reasonable grounds for termination of the contracts. If plaintiff can prove its allegations, then no determination of the constitutionality of the statute would be necessary.

### Forum non conveniens

The common law theory of forum non conveniens has been preempted by the statutory promulgation contained in Title 28 U.S.C. § 1404(a). Norwood v. Kirkpatrick, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955). See generally 1 Moore, Federal Practice ¶ 0.145[5] (2d ed. 1964). No longer can a defendant seek a dismissal of an action on the grounds of common law forum non conveniens and such a party will be limited to the statutory right to transfer an action "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); see Norwood v. Kirkpatrick, supra at 32, 75 S.Ct. 544. Thus, defendant's motion to dismiss the instant action on the ground of common law forum non conveniens is denied.

Finally, the Court must consider defendant's motion to transfer the instant action to the United States District Court for the District of Puerto Rico under § 1404(a). In Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), Mr. Justice Jackson, writing for the majority of the Court, stated that the factors to be considered on a common law forum non conveniens motion were the private interests of the litigants and the public interest. Id. at 508, 67 S.Ct. at 843. Concerning the private interests of the litigants, Justice Jackson stated

"Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. * * * But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Ibid.

■■■■■ The factors of public interest to be considered were the administrative difficulties caused by court congestion, "a local interest in having localized controversies decided at home", the applicable law to be applied since it is preferable to have a forum familiar with the State law to be applied try the case rather than some other forum. Id. at 508–509, 67 S.Ct. at 843. While, as has been hereinbefore stated, § 1404(a) has done away with the common law theory of forum non conveniens, the criteria set forth in *Gulf Oil* are still valid, although the district court will have greater discretion in ordering a transfer of the action than it did in ordering the dismissal of the action under the common law doctrine. Norwood v. Kirkpatrick, supra; Jurgelis v. Southern Motors Express, Inc., 169 F.Supp. 345 (E.D.Pa. 1959); United States v. Scott & Williams, Inc., 88 F.Supp. 531 (S.D.N.Y. 1950). The burden still remains on the moving party to make a "clear-cut showing" that a transfer should be ordered. Peyser v. General Motors Corp., 158 F. Supp. 526, 529 (S.D.N.Y.1958).

■■■■■ Considering the factors set forth in *Gulf Oil,* supra, and grouped under the heading "private interests of the litigants", it would seem that defendant has waived its right to object to the forum chosen by plaintiff by stipulating to make itself amenable to suit in New York and in consenting to the application of New York law. Even though I might find that the "public interest" factors set forth in *Gulf Oil* would possibly favor a transfer to Puerto Rico,* considering the matter as a whole leads to the conclusion that such a transfer would effectively defeat the intention of the parties to designate New York as an appropriate forum for the determination of an action predicated on a breach of the instant contracts by defendant.

Accordingly, the Court, in the exercise of its discretion, finds that the action at bar should not be transferred to the United States District Court for the District of Puerto Rico. For the same reasons, defendant's motion for a stay of the instant action should be denied.

Defendant's motion is in all respects denied.

It is so ordered.

---

* The factor set forth in *Gulf Oil* concerning an application by the forum of the laws of the state in which the district court sits is obviously in favor of plaintiff in light of the foregoing determination herein.