**ALBERT LEVINE ASSOCIATES, INC.,**
Plaintiff,

v.

**E. H. HUDSON, also known as Eugene H. Hudson, doing business under the firm name of E. H. Hudson Company,** Defendant.

No. 67–Civ. 2831.

United States District Court
S. D. New York.

Nov. 9, 1967.

Albert Levine, Jamaica, N. Y., for plaintiff, by David Levine, New York City, of counsel.

Bronstein, VanVeen & Bailey, New York City, for defendant, by Henry Van-Veen, New York City, of counsel.

CROAKE, District Judge.

## MEMORANDUM

Defendant, E. H. Hudson Company (HUDSON) moves, among other things, to dismiss for want of personam jurisdiction and insufficient service of process. Plaintiff Albert Levine Associates, Inc. (LEVINE), relying on the Supreme Court's decision in National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964), asserts that personam jurisdiction exists and service was proper.

HUDSON is a business located in Georgia. LEVINE, a New York corporation, contracted to supply tractor parts to HUDSON under a credit arrangement. The contract, which takes the form of a letter from HUDSON to LEVINE, is refreshingly simple and brief. The entire letter is typewritten on two sides of a single page and contains no fine print. The first sentence states that "for the purpose of securing credit * * * the undersigned represent that the following information is true and given with intent that it shall be relied upon." The third sentence states that "the undersigned agree to the terms on the reverse side hereof." Among the terms on the reverse side is the following:

All actions shall be litigated within the State of New York and the aforesaid parties consent to the jurisdiction of any court within the State of New York and waive personal service of all process upon them and hereby consent that such service may be made by registered or certified mail directed to them at the address indicated herein.

■■ Contrary to the assertions of defendant HUDSON, nothing in the contract appears to be "unconscionable." Rather, the agreement seems to be the product of an arms-length negotiation in which HUDSON was represented by its present Georgia counsel.[1] HUDSON's submission to New York State jurisdiction in the event of litigation was a perfectly reasonable quid pro quo for LEVINE's extension of credit.[2]

■ As the voluminous cases cited in plaintiff's brief demonstrate, it is settled beyond any doubt that a party can submit himself to personal jurisdiction in advance of litigation by so stipulating in a contract.[3] But obtaining personal jurisdiction and making service of process, although closely related, are not synonymous. Federal Rule 12(b) treats them as separate defenses. Since the objection of want of personam jurisdiction fails in light of the cases, supra, we turn now to the distinct objection that service of process was improper.

---

1. "I was involved in the original negotiations * * *" Affidavit of Ray M. Tucker, Esq., HUDSON's counsel in Georgia.

2. HUDSON asks for the alternative relief of dismissal or transfer of venue on the grounds of *forum non conveniens.* In view of the fact that HUDSON was represented by counsel during the contract negotiations (Note 1 supra) and the provisions as to the ultimate place for litigation should a disagreement arise was clearly an important element of the contract, HUDSON is hardly in a position now to argue that the forum to which it expressly agreed is not a convenient one.

3. National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed. 2d 354 (1964); Kenny Construction Co. v. Allen, 101 U.S.App.D.C. 334, 248 F.2d 656 (1957); Bowles v. J. J. Schmitt & Co., Inc., 170 F.2d 617 (2d Cir. 1948); Gilbert v. Burnstine, 255 N.Y. 348, 174 N.E. 706, 73 A.L.R. 1453 (1931).

In National Equipment Rental Ltd. v. Szukhent, supra, the contract provided for the appointment of an agent for service of process. Although Rule 4 expressly permits service in this manner, nothing in Rule 4 provides that "service may be made by registered or certified mail." HUDSON's argument is therefore that even though he had ample notice and the court concededly has personam jurisdiction, the action must nevertheless be dismissed because service was made pursuant to the agreement of the parties rather than the letter of Rule 4(d). See National Equipment Rental, Ltd. v. Dec-Wood, 49 Misc.2d 538, 267 N.Y.S.2d 820 (Dist.Ct.Nassau Cty.1966).

■ The argument is not persuasive. Rules governing service of process have two functions: (1) to limit the exercise of personam jurisdiction and (2) to give adequate notice that an action is pending. Here, HUDSON stipulated jurisdiction and there is no question of the adequacy of notice.

■ The procedure followed here was better suited to accomplish these basic purposes of the process rules than that approved by the Supreme Court in *Szukhent*. There the court condoned a contract that appointed the wife of an officer of the plaintiff corporation as defendant's agent for service of process. There was no guarantee that the defendant would ever receive notice.[4] In the present case, the contract provided for service by registered mail thereby assuring that HUDSON would receive the notice which it in fact got.

■■ In view of its having agreed to a method of service well calculated to give notice and certainly within the boundaries of due process,[5] this court sees no reason why HUDSON should not be estopped from now asserting the defense of insufficiency of service. By the terms of the contract HUDSON waived that defense as surely as if it had failed to raise it in the manner prescribed by Rule 12(h). As Justice Stevens stated in Emerson Radio & Phonograph Corp. v. Eskind:

Consent jurisdiction is not violative of due process. More particularly is this true where the method provided by the terms of the consent is reasonably calculated to give the party notice so that he may be afforded the opportunity of being heard. The defendant, having recognized the validity of the agreement with a domestic corporation by operating under or within its terms, shall not now be permitted to repudiate its consent provision because the contingency of litigation foreseen and provided for has become a reality. 32 Misc.2d 1038, 228 N.Y.S.2d 841, 843.

Motion denied.

So ordered.

4. Although the court hinted that if the defendant in *Szukhent* had not received actual notice a due process problem might have arisen, the court stated in dictum that objections for want of notice as well as for want of jurisdiction can be waived: "And it is settled, * * * that parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive no-tice altogether." 375 U.S. 311 at 316, 84 S.Ct. 411 at 414.

5. See Rule 15(c), Fed.R.Civ.P., which provides that service by mail on the United States Attorney or Attorney General of the United States is sufficient to satisfy the requirement that they receive "such notice of the institution of the action that [they] will not be prejudiced in maintaining [a] defense on the merits."