**AAMCO AUTOMATIC TRANSMISSIONS, INC., a Pennsylvania Corporation**

v.

**Richard HAGENBARTH.**

**Civ. A. No. 68–1517.**

United States District Court
E. D. Pennsylvania.

Nov. 8, 1968.

Joan B. Duncan, King of Prussia, Pa., Murray L. Lewis, Berwyn, Pa., of counsel for plaintiff.

Tabas, Smith & Furlong, Joseph V. Furlong, Jr., Philadelphia, Pa., for defendant.

## OPINION AND ORDER

JOSEPH S. LORD, III, District Judge.

This is an action for breach of a franchise agreement brought by a Pennsylvania licensor having its principal place of business in Pennsylvania against its licensee, a citizen of California. The complaint was served upon the defendant by the United States Marshal of the Central District of California.

The defendant moves to dismiss for lack of *in personam* jurisdiction and for improper service, and, in the alternative, to transfer this case to the Central District of California, under 28 U.S.C. § 1404(a).

Jurisdiction over the defendant, and presumably service, is based upon ¶ 22 of the franchise agreement, which reads, in pertinent part, as follows:

"* * * Licensee consents to the jurisdiction of any court of record of the Commonwealth of Pennsylvania and the United States District Court for the Eastern District of Pennsylvania with respect to any proceedings arising out of this Agreement and further, agrees that the mailing to his last known address by registered mail of any process shall constitute lawful and valid process. * * *"

Defendant argues that the service was ineffective because it complied with none of the methods prescribed by F.R. Civ.P. 4. It did not, but we think that Rule 4 is not involved here. That rule provides means of bringing defendants into a court when there must be resort to process. Here, however, there is no need for plaintiff to rely on process to bring defendant within the jurisdiction of this court. Defendant has agreed that he is subject to that jurisdiction and has agreed, in effect, that Rule 4 need not be brought into play.

■ ■ We think that the contractual consent manifested in the franchise agreement is sufficient to vest this court with jurisdiction over the defendant, notwithstanding the fact that service was not perfected in the manner set out in Rule 4. The recent cases of Albert Levine Associates, Inc. v. Hudson, 43 F.R.D. 392 (S.D.N.Y., 1967) and B. M. Heede, Inc. v. West India Machinery and Supply Co., 272 F.Supp. 236 (S.D. N.Y., 1967) have asserted *in personam* jurisdiction on similar agreements. These cases are based upon the generally accepted principle that *in personam* jurisdiction may be conferred by prior consent. Rest. Judgments, § 18 and comment c; Rest. Conflicts, § 81. Cf. National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964) and cases cited therein.

■ Furthermore, we think that the Pennsylvania courts, which have found consent to be a basis for *in personam* jurisdiction in its courts of limited jurisdiction within the state, see, e. g.; Com. ex rel. Rothman v. Rothman, 209 Pa. Super. 180, 184, 223 A.2d 919 (1966), would today apply the same principle to subject an out-of-state defendant to process based on contractual consent. Although service was not made by registered mail in accordance with the franchise agreement, the defendant does not assert any lack of notice. Indeed, the method of service adopted was more surely calculated to give notice that the method agreed upon and defendant cannot be heard to complain that a means of notice more certain than that called for by the contract was adopted. The motion to dismiss must be denied.

■ At this point we must also deny defendant's motion to transfer under 28 U.S.C. § 1404(a). The affidavit filed to support it is "insufficient because it contain[s] only conclusions about the inconvenience to witnesses and [does] not fully set out the testimony of the proposed witnesses as to enable the trial judge to pass on the materiality of such

proposed testimony." Texas Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 148 (C.A.10, 1967). Because of the potential unfairness inherent to defendant in litigating in a distant forum, however, our denial will be without prejudice to his filing additional affidavits within ten (10) days so that we may consider the motion "in the interest of justice."

Accordingly, defendant's motions to dismiss for want of personal jurisdiction and improper service and to transfer for *forum non conveniens* are denied, the latter without prejudice.

It is so ordered.