TECHNO CORPORATION

v.

**DAHL ASSOCIATES, INC., George L. Dahl and John N. Stillwagon.**

**Civ. A. No. 81–59 Erie.**

United States District Court,
W. D. Pennsylvania.

Sept. 22, 1981.

Eugene J. Brew, Jr., Erie, Pa., for plaintiff.

Ted J. Padden, Quinn, Gent, Buseck & Leemhuis, Inc., Erie, Pa., for defendants.

OPINION

WEBER, Chief Judge.

I.

Defendants in this action have moved to dismiss for want of jurisdiction, alleging the want of proof that either the corporation defendant or the individual defendants did business in Pennsylvania. Defendant corporation was organized under the laws of New Jersey and has its principal office there. The individual defendants are citizens and residents of New Jersey, and are principals and corporate officers of the corporate defendant.

The counsel for Defendants withdrew the motion to dismiss with respect to the corpo-

rate defendant, admitting the long-arm jurisdiction of a district court sitting in Pennsylvania but continued to object to in personam jurisdiction over the two individual defendants.

Considerable evidentiary material has been presented to show sufficient contacts or activities of the individual defendants in Pennsylvania. While these activities, if done in an individual capacity might be sufficient for the embrace of the Pennsylvania long-arm statute, these facts are irrelevant. It has been frequently held that individuals performing acts in a state in their corporate capacity do not thereby submit themselves to the personal jurisdiction of the courts of that state:

> [E]stablishing personal jurisdiction over an individual on the basis of 'doing business' requires that the evidence show not only that the individual did business within Pennsylvania as defined in 40 PA.CSA 8309 but that the business was done by the individual *for himself* and *not for* or on behalf of corporation. (emphasis supplied).
>
> *Spelling-Goldberg Productions v. Bodek and Rhoades* 452 F.Supp. 452, 454 (E.D. Pa.1978).

See also:

> *Miller v. American Telephone and Telegraph Co.* 394 F.Supp. 58 (E.D.Pa.1975).
>
> *City of Philadelphia v. Bullion* 28 Pa. Cmwlth. 485, 368 A.2d 1375 (1977).
>
> *Ductmate Industries v. Exanno Products Limited et al.* W.D.Pa.C.A. 80–250b, 24 Sept. 1980 (unpublished Memorandum Order).
>
> *Stop-a-Flat Corp. v. Electra Start of Michigan, Inc.* 507 F.Supp. 647 (E.D.Pa. 1981).

There is nothing in the evidentiary material supplied here to indicate that individual defendants acted otherwise than as officers or agents of the corporation and on its behalf.

It has been argued here that the individual defendants' actions were tortious acts committed outside Pennsylvania to induce their corporation to breach a contract, that the tortious actions which took place outside the state caused harm or injury within this state, therefore subjecting individual defendants to long-arm jurisdiction under 42 PA.CSA 532(a)(4): "causing any harm or tortious injury in this Commonwealth by any act or omission outside this Commonwealth."

However ingenious this argument is, it has nevertheless been previously advanced and rejected. In *Roseman v. Hassler*, 382 F.Supp. 1328 (W.D.Pa.1974), affd. 520 F.2d 1364 (3d Cir. 1975), it was held that Sec. 766 of the *Restatement of Torts* covering tortious inference with business relationships, was never intended to cover a situation involving an employer and an employee. It only applies to attempts to induce third persons not to deal. We have also had occasion to comment on this subject in *Mellon Bank N.A. v. Aetna Business Credit, Inc.*, 500 F.Supp. 1312, 1323 (W.D.Pa.1980), where we noted: "This tort, however, requires a third party's interference which forces the breaking of a contract between two parties.... A mere breach of contract, which has the effect of damaging plaintiff's business relations with others does not support the tort of intentional interference with business." (p. 1323). We cited the rule set forth in *Glazer v. Chandler*, 414 Pa. 304, 308; 200 A.2d 416 (1964) which sets forth the Pennsylvania policy of limiting such actions to a breach of contract cause of action.

Plaintiff has urged the case of *Donner v. Tams-Witmark Music Library, Inc., et al.*, 480 F.Supp. 1229 (E.D.Pa.1979) in support of jurisdiction over the individual defendants. In that case both a corporation and its corporate president were sued for a copyright infringement that occurred in Pennsylvania. Both asserted that their activities did not satisfy the requirement of sufficient contact with Pennsylvania to establish jurisdiction. The court found the contacts of the corporate defendant sufficient. With regard to the individual defendant it was established that none of his activities were undertaken in an individual capacity and that his actions as an individu-

al in a non-corporate capacity did not include contacts with Pennsylvania to establish jurisdiction. However, the court held that the plaintiff's claims against both defendants were essentially tortious in nature, the rule of joint tortfeasor liability of corporate officers is applicable, and the allegations of personal participation in the infringement were sufficient to support joint liability. Therefore, the court concluded that the allegations pleaded which were sufficient to sustain personal liability of the corporate officer, if proven, were by inference sufficient to sustain personal jurisdiction. See also, *Vespe Contracting Co. v. Anvan Corp.*, 433 F.Supp. 1226 (E.D.Pa. 1977) and *Lighting Systems v. International Merchandising, Inc.*, 464 F.Supp. 601 (W.D. Pa.1979).

The motion to dismiss the individual defendants will be granted.

## II.

■ The defendants have moved for a change of venue. We assume that a transfer is requested under 28 U.S.C. § 1404(a), because they recite generally considerations of convenience of witnesses. However, the motion and supporting affidavits give no additional information to aid the court in balancing the convenience. Much more is required than this to enable a court to make this determination and to overcome the plaintiff's choice of forum. See:

*Aamco Automatic Transmission Inc. v. Hagenbarth* 296 F.Supp. 1142 (E.D.Pa. 1968)

*Popkin v. Eastern Airlines, Inc.* 253 F.Supp. 244 (E.D.Pa.1966)

*Girsh v. Jepson* 355 F.Supp. 1104 (E.D.Pa. 1973).

The motion for change of venue will be denied.