William L. MICHELSON, Plaintiff,

v.

**EXXON RESEARCH AND ENGINEER-ING COMPANY, A. W. Hanggeli, International Colombia Resources Corporation, and Gustavo Arias, Defendants.**

Civ. A. No. 84–27 ERIE.

United States District Court,
W.D. Pennsylvania.

July 19, 1984.

See also 578 F.Supp. 289.

Paul J. McArdle, Pittsburgh, Pa., for plaintiff.

John H. Myers, Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa., for defendants.

## OPINION

WEBER, District Judge.

Plaintiff has instituted this diversity action in thirteen counts against four defendants. He was employed by Exxon Research and Engineering Company to work out of his home in Warren, Pennsylvania. He reported to his employer's office in New Jersey by correspondence and telephone. His supervisor was defendant Hanggeli who worked at the company headquarters in New Jersey. His assignment out of which the present controversy arose was the inspection of locomotives being manufactured by the General Electric Company in Erie, Pennsylvania, for a client of Exxon Research and Engineering Company in Colombia, South America. He was discharged from his employment and he brings claims against Exxon, Hanggeli, and International Colombia Resources Corporation (Intercor).

We are concerned here only with the claims against Hanggeli and Intercor for they have moved for dismissal of the claims against them on the grounds of lack of jurisdiction over their persons. Because evidentiary material has been presented in support of and in opposition to the motion it will be treated as a motion for summary judgment under Fed.R.Civ.P. 56.

■ The burden of proof of jurisdiction falls upon the party alleging such jurisdiction. Summary judgment requires a showing that there is no genuine issue of material fact.

Defendant Hanggeli is charged with defamation (Count V), interference with contractual relations (Count VI), and misrepresentation (Count VII).

■ It is undisputed that Hanggeli is not domiciled in Pennsylvania, has not consented to be sued in Pennsylvania, and has not been served with process in Pennsylvania. He is an individual and is subject to suit in the Pennsylvania courts only for activities which he personally undertook in Pennsylvania. Activities in which he was engaged as an officer or employee of a corporation are not sufficient to confer personal jurisdiction over him. *Techno Corp. v. Dahl Associates, Inc.,* 521 F.Supp. 1036, 1037 (W.D.Pa.1981) and 535 F.Supp. 303 (W.D.Pa.1982).

> [E]stablishing personal jurisdiction over an individual on the basis of "doing business" requires that the evidence show not only that the individual did business within Pennsylvania as defined in 40 Pa. C.S.A. 8309, but that the business was done by the individual for himself and not for or on behalf of his corporation.

*Spelling-Goldberg Productions v. Bodek and Rhodes,* 452 F.Supp. 452, 454 (E.D.Pa. 1978).

Plaintiff relies on evidence that Hanggeli in New Jersey sent and received business reports from plaintiff in Pennsylvania, both by written correspondence and telephonically. Hanggeli was plaintiff's supervisor and there is no evidence that these were other than matters concerning their mutual employment by Exxon.

Plaintiff argues that jurisdiction over Hanggeli is covered by the Pennsylvania Long-Arm Statute provision contained in 42 PA.C.S.A. § 5322(a)(4).

> ...causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth.

Plaintiff supports this claim by evidence that Hanggeli defamed Plaintiff by sending to him a report critical of his performance as an employee of Exxon. This was a memorandum on a form labeled "Interoffice Correspondence" marked "Private— for the personal use of the addressee" from Hanggeli to Plaintiff. It referred to a previous telephone conversation between

them discussing Plaintiff's performance of his inspection duties at the General Electric Company. It transmitted a summary of telephone conversations between Hanggeli and the representative of a joint venturer with Exxon concerning Plaintiff's performance of his inspection duties. There is nothing in Hanggeli's cover letter that is capable of a defamatory meaning, and no attempt has been made by Plaintiff to suggest an innuendo or defamatory meaning. This is an initial determination that must be made by the court.

Hanggeli transmitted the critical report to Plaintiff alone, and asked for a reply. Plaintiff does not contend that the communication was communicated to anyone in Pennsylvania. Thus the essential element of publication is absent.[1]

■ Plaintiff alleges that the report was transmitted to others in the Exxon organization in New Jersey. The report was distributed within the organization only to persons in the Exxon chain of command, Hanggeli's supervisors and Plaintiff's immediate supervisor. The information was not published to anyone outside the employer's organization. This use of an internal complaint of plaintiff's job performance cannot constitute a defamation. *Keddie v. Pennsylvania State University,* 412 F.Supp. 1264, 1276 (M.D.Pa.1976); *Beckman v. Dunn,* 276 Pa.Super. 527, 535, 419 A.2d 583, 587 (1980).

■ Continuing the argument on jurisdiction under the "tort-out harm-in" theory, Plaintiff argues that Hanggeli tortiously interfered with Plaintiff's employment with Exxon. But Hanggeli was a supervisor of Plaintiff in the Exxon organization. The tort of interference with contract relations is limited to contracts between Plaintiff and third parties. *Techno Corporation v.*

*Dahl Associates,* 521 F.Supp. 1036 (W.D. Pa.1981); *Roseman v. Hassler,* 382 F.Supp. 1328 (W.D.Pa.1974); *DuSesoi v. United Refining Co.,* 540 F.Supp. 1260 (W.D.Pa. 1982); *Glazer v. Chandler,* 414 Pa. 304, 200 A.2d 416 (1964). Thus, this count alleges no tortious act and cannot confer long-arm jurisdiction over Hanggeli.

■ Plaintiff also alleges a tort of misrepresentation by virtue of the communication referred to. But the tort of fraud and negligent misrepresentation requires the element of reliance thereon by the recipient to his damage. The plaintiff was the recipient and there is no evidence that plaintiff relied on this to his damage. *Scaife Co. v. Rockwell Standard Corp.,* 446 Pa. 280, 285, 285 A.2d 451 (1971). There being no tort, this claim cannot serve to make Hanggeli subject to Pennsylvania jurisdiction.

For these reasons the claims against Hanggeli must be dismissed for lack of personal jurisdiction.

## Claims Against Defendant International Colombia Resources Corporation (Intercor).

■ Defendant Intercor has also moved for lack of personal jurisdiction. Intercor is a Delaware corporation with its principal place of business in Baranquilla, Colombia. It is engaged in the business of coal exploration and production in Colombia. It has no offices in Pennsylvania, and is not registered to do business in Pennsylvania, nor has it consented to be sued in Pennsylvania. It was associated in a joint venture with Carbones de Colombia, S.A., a government-owned coal company for which Exxon was rendering consulting services.

---

**1.** *Rusack v. Harsha,* 470 F.Supp. 285 (M.D.Pa. 1978), cited by plaintiff in support of jurisdiction is not applicable because there the evidence showed that defendant wrote and mailed several letters from outside the state to various persons in plaintiff's community, exposing him to contempt and ridicule; supplying the required element of publication. In *Calder v. Jones,* —— U.S. ——, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), defendants authorized the publishing and circulation in plaintiff's state of residence of magazine articles defamatory in nature. In *Keeton v. Hustler Magazine, Inc.,* —— U.S. ——, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984), the defendants knew that their national magazine, containing defamatory material would be widely circulated in New Hampshire.

Plaintiff alleges that Intercor was the purchaser of locomotives being manufactured at the General Electric Company at Erie, Pa., but the documentary evidence shows that the purchaser was Morrison-Knudson Company, the prime contractor on the joint venture between Carbocol and Intercor for the development of coal reserves in Colombia.

Plaintiff bases his claim against Intercor on statements made by Gustavo Arias, an alleged employee of Intercor, who visited the General Electric Company in Erie, Pa., at the time of the inspection of the locomotives, whose reports to Exxon on plaintiff's conduct of the inspection forms the basis of this lawsuit. Arias was named a party defendant in this action, but has never been served. Arias was a domicilary of Colombia, but was working at an office in Boise, Idaho at the time of the report to Exxon. The report was made to an Exxon employee named Kelley, located at the time in Burlingame, California. Kelley transmitted the report to his superior in the Exxon organization, Hanggeli, in New Jersey.

The claim against Intercor is based solely on the actions of its alleged agent Arias, in making a telephone call to Kelley, an Exxon employee in California. It follows the same theory as the claim against Hanggeli, "tort-out harm-in injury" in Pennsylvania to support jurisdiction. The communication cannot constitute a defamation injuring plaintiff's reputation in Pennsylvania because there is no evidence that it was communicated to anyone in Pennsylvania except plaintiff.

The documentary evidence, affidavits, personnel records and the like, show without dispute that Arias was employed by Carbocol, the government owned coal company, and not Intercor, the named defendant. Intercor did not purchase the locomotives in Pennsylvania. Beside a mingling of interest between Carbocol and Intercor, in the Colombia coal project, and their joint interest in the locomotives, this does not make Arias an employee of Intercor. Even the plaintiff's offer of Arias' business card with the Intercor logo printed thereon, does not overcome the proof that he was not an employee of Intercor, for whose remarks Intercor would be vicariously liable. The very communication which forms the basis of the action here refers to Arias as representing Carbocol on his visit to Erie, Pa. Nor is there any allegation that plaintiff was in any way misled or detrimentally relied on a mistaken belief that Arias was an agent or employee of Intercor.

We find no basis for the exercise of personal jurisdiction in Pennsylvania over defendant Intercor.

### ORDER

AND NOW, July 19th 1984, the Motions of Defendants A.W. Hanggeli and International Colombia Resources Corporation to dismiss for want of personal jurisdiction are GRANTED, and they are hereby DISMISSED from this action.

The matter will proceed to trial on the remaining causes of action.