**SERVISTAR CORPORATION, Plaintiff,**

**v.**

**The HOME HARDWARE COMPANY and Richard W. Merz and Beverly D. Merz, his wife, Defendants.**

**Civ. A. No. 88–2331.**

United States District Court, W.D. Pennsylvania.

Feb. 14, 1989.

Thomas P. Peterson, Daniel J. McNulty, Springer Bush & Perry, Pittsburgh, Pa., for plaintiff.

Ronald D. Morelli, Meyer Unkovic & Scott, Pittsburgh, Pa., for defendants.

## OPINION

GERALD J. WEBER, Senior District Judge.

Defendants have filed a motion to dismiss for lack of in personam jurisdiction, or in the alternative, to transfer to a more convenient forum. Defendants failed to submit any supporting brief or evidentiary material with the motion, but the motion itself is extensive and detailed and fully sets forth defendants' contentions. Plaintiff filed a response with a brief and affidavit. The burden of establishing personal jurisdiction is on the plaintiff. The burden of justifying transfer is on the defendants.

## FACTS

Plaintiff is a Pennsylvania corporation that functions as a purchasing cooperative for member retail hardware and lumber centers. Plaintiff buys goods in bulk and then supplies the orders of the co-op members, pursuant to a Retailer's Agreement.

Defendant Home Hardware is an Illinois corporation operating 9 retail hardware stores in Indiana and Illinois. Each of these stores is covered by a Retailers Agreement with plaintiff Servistar. Defendants Merz are residents of Illinois and are the principal owners of Home Hardware. They executed personal guarantees to cover any obligations Home Hardware may owe to plaintiff.

In its Complaint plaintiff alleges that Home Hardware failed to make payment for merchandise ordered and received from plaintiff over a period of time. It is alleged that defendants are over $2,000,000 in arrears.

## DISCUSSION

### 1) In Personam Jurisdiction.

To establish in personam jurisdiction over defendants, plaintiff relies on the Pennsylvania Long Arm Statute, 42 Pa.C.S. A. § 5322(a)(4) which permits the assertion of personal jurisdiction over any person "causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth."

In this case plaintiff alleges that defendants breached their contracts with plaintiff by failing to make payment for goods delivered. Defendants' omission did not occur in Pennsylvania but the harm, the breach of a contract formed in Pennsylvania and the resulting monetary loss, was sustained in Pennsylvania by a Pennsylvania corporation. Default by a non-resident on an agreement with a Pennsylvania resident, causing monetary loss to the Pennsylvania resident, has been found to satisfy the Pennsylvania Long Arm Statute. *Rosen v. Solomon*, 374 F.Supp. 915 (E.D.Pa. 1974), aff'd. 523 F.2d 1051 (3d Cir.1975).

But any assertion of personal jurisdiction must also satisfy constitutional due process guarantees. Defendants deny the existence of the requisite minimum contacts with the forum. They deny ever having set foot in Pennsylvania or having conducted any business in Pennsylvania. They deny having any stores here or having made any sales here. They make much of the fact that they did not come to Pennsylvania to negotiate the contracts with plaintiff, and have never come to Pennsylvania to conduct business with plaintiff.

We can quickly dispose of defendants' remonstrations about the lack of physical presence in the state:

Jurisdiction in these circumstances may not be avoided merely because the defendant did not *physically* enter the forum State. Although territorial presence frequently will enhance a potential defendant's affiliation with a state and reinforce the reasonable forseeability of suit there, it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted. So long as a commercial actor's efforts are 'purposely directed' toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there.

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985) (citations omitted).

The critical question then is whether defendants "purposefully availed" themselves of the privilege of conducting business in Pennsylvania, even though they never physically entered the jurisdiction. This test is intended to protect a non-resident defendant from jurisdiction based solely on random, fortuitous or attenuated contacts, or the unilateral activity of another party or third person.

To further quote from *Burger King:*

Jurisdiction is proper, however, where the contacts proximately result from action by the defendant himself that create a 'substantial connection' with the forum State. Thus where the defendant 'deliberately' has engaged *or has created 'continuing obligations' between himself and resident of the forum,* ... he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.

471 U.S. at 475–476, 105 S.Ct. at 2183–2184 (emphasis added) (citations omitted).

In many respects this case is very similar to *Burger King.* There a franchisee was subject to personal jurisdiction in Florida, the home state of the franchisor, even though he had no physical contact with the forum other than his partner's brief training course in Miami. But by phone and mail the defendant negotiated, reached an agreement and conducted business with a Florida corporation. Defendant employed the franchisor's name and trademark and benefitted from an affiliation with a national organization. Defendant failed to make contractually required payments to the Miami headquarters and caused loss to the Florida corporation. Furthermore, contract documents specified that the contracts were formed in Florida and were governed by Florida law.

In the case at bar defendants applied for membership in plaintiff's Pennsylvania based co-op and enjoyed the benefits of this national organization. Although defendants never ventured to Pennsylvania in the course of their relationship with plaintiff, they did initiate numerous letters and phone calls directed to plaintiff in Pennsylvania, both in negotiating the agreements and in conducting business under them. As a result of their affiliation with plaintiff, defendants were entitled to use the Servistar name and trademark. Defendants were required to make payments to a Pennsylvania bank and their failure to make payments caused a loss to a Pennsylvania corporation. Finally, the Retail Agreements specify that they were formed in Pennsylvania and are governed by Pennsylvania law.

Defendants' contention that they ordinarily dealt through a Servistar representative located in Illinois is also addressed by the Court in *Burger King.* There defendants dealt with a regional office in Michigan and claimed surprise at being subjected to suit in Florida. But the Court noted that defendants did in fact deal directly with the Florida headquarters, particularly

in negotiating the original agreement and in arguing disputed issues which arose in the course of business. The same is true in the present case.

Having determined that defendants purposefully established minimum contacts with this forum, we now evaluate several additional factors to determine whether the assertion of jurisdiction over the person in these circumstances comports with "fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945). In this case the alleged injury to the Pennsylvania corporation is substantial, not de minimis, and the forum state has an interest in adjudicating this matter. The forum's interest is also implicated because the parties have contractually agreed to the application of Pennsylvania law. Given the contractual resolution of the choice of law issue, Illinois has no conflicting policy interest. Also, as described in more detail under our discussion on change of venue we do not believe that suit in this forum subjects defendants to an unreasonable or unfair burden.

Finally, throughout this Opinion we have used the plural term "defendants" to include Home Hardware *and* the principal owners, Mr. and Mrs. Merz. We recognize that only Home Hardware was party to the Retailer's Agreements with plaintiff, but the Merz's executed a personal guaranty to cover Home Hardware's obligations to plaintiff under those agreements. The Merz's were intimately familiar with the nature and provisions of the Retailer's Agreements and the course of Home Hardware's business with plaintiff. Mr. Merz personally negotiated the Retailer's Agreements and the guaranty. Although a corporate officer is ordinarily not subject to personal jurisdiction for acts in his corporate capacity, E.g., *Techno Corp. v. Dahl Associates, Inc.*, 521 F.Supp. 1036 (1981) and 535 F.Supp. 303 (W.D.Pa.1982), the Merz's personal and corporate acts in this context are so closely intertwined as to blur into one. They are in essence parts of the same cloth. The Merz's were not ignorant of the extent of their company's contacts with Pennsylvania, and the impact of the Retailer's Agreements and the guaranty on a Pennsylvania corporation. Consequently they can claim no surprise at the plaintiff's choice of forum or the assertion of personal jurisdiction.

Therefore, we conclude that defendants are properly subject to in personam jurisdiction in this forum and that assertion of jurisdiction is consistent with the due process guarantees of the Constitution.

### 2) Change of Venue.

■ In the alternative, defendants seek transfer of this action to Illinois which they claim is a more convenient forum for parties and witnesses alike. At the outset we note that defendants have not submitted any evidentiary material on these issues, and absent admissions by the plaintiff, defendants fail to satisfy their burden of justifying change of venue.

But even if we accept defendants' factual assertionsf, we cannot say that this forum is any less convenient than the suggested alternative. Pennsylvania may be inconvenient for defendants but Illinois is equally inconvenient to plaintiff. Defendants fail to identify any potential witnesses other than employees of the parties.

The location of documents is virtually irrelevant in the age of photocopying, but in any event plaintiff's documents are located in one forum and defendants are in the alternative forum. Finally, the parties have contractually agreed to the application of Pennsylvania law and as a practical consideration this favors the present forum.

In short we conclude that defendants have failed to establish that the present forum is unduly burdensome or less convenient to parties and witnesses than any alternative forum. Plaintiff's choice of forum is entitled to deference and will not be disturbed absent compelling considerations. Therefore defendants motion to transfer will be denied.

### 3) Bankruptcy.

As this Opinion and Order were being typed we were informed that Home Hardware had filed a Chapter 11 petition in the

United States Bankruptcy Court for the Northern District of Illinois. The automatic stay thus applies.

It is our practice in such cases to require plaintiff to obtain relief from the stay within 30 days. If plaintiff fails to obtain relief, we presume that plaintiff will seek recovery against the debtor in the Bankruptcy Court and this civil action against the debtor is then dismissed without prejudice. Unless inhibited by practical problems created by the Bankruptcy, this action would then proceed against the remaining defendants.

See also, Bkrtcy., 60 B.R. 749.

### CONCLUSION

Defendants' motion to dismiss for lack of in personam jurisdiction, or in the alternative to transfer to a more convenient forum, will be denied in an appropriate order. We will also require plaintiff to obtain relief from the bankruptcy stay or proceed against the debtor in the Bankruptcy Court.